STATE of Minnesota, Respondent,

v.

Teresa Susan MORRIS, Appellant.

No. 48469.

Supreme Court of Minnesota.

Nov. 3, 1978.

William E. Falvey, Public Defender, Jon R. Duckstad, Asst. Public Defender, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., William Randall, County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant, who was charged with two counts of engaging in prostitution (offering to engage in sex for hire and agreeing to engage in sex for hire), Minn.St. 609.32, waived her right to a jury trial and was found guilty by the trial court of both counts. After serving 6 months of a 1-year term in the workhouse under a work-release program, defendant was released. The sole issue which she raises on this appeal from judgment of conviction is whether the conduct of the police officer who arrested her was such that due process bars her conviction. We hold that it was not, and affirm.

The facts are undisputed. On the evening of September 29, 1977, an officer of the St. Paul Police Department was working as a plainclothes vice officer in the vicinity of Victoria and Sherburne in St. Paul. The officer was alone in his own personal car, which was unmarked, but he was being watched by a fellow officer. From a distance of 100 feet he observed defendant standing next to a Volvo talking to the driver, a man. After 2 minutes the car left. The officer circled the area for a few minutes and then returned, stopping his car on Victoria near Sherburne and about 50 feet in front of where defendant and another woman were standing.

Defendant then approached the officer, whose passenger window was partly down, and greeted him, after which she asked him if he was looking for a date. He said he was. She asked him how much he was spending and he said he had $20. She then asked him what he wanted and he asked her what he could get. She asked if he was a police officer and he replied that he was not. She told him he could get "French" (which is street talk for oral sex). However, first she insisted that he expose himself for her before she agreed to do it, her thinking apparently being that a police officer would not expose himself. The officer exposed himself, unzipping his pants and

exhibiting his penis to her as she stood by the window. Defendant then got in the car and told him where to drive. He followed her directions for a few blocks, then stopped the car and arrested her. Within seconds his partner joined him.

In *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), five of the eight members of the United States Supreme Court concluded that the concept of fundamental fairness inherent in the due-process requirement will prevent conviction of even a predisposed defendant if the conduct of the government in participating in or inducing the commission of the crime is sufficiently outrageous.[1] It is this so-called due-process defense with which we are concerned in this case. This is a legal defense which must be left to the court to apply. Although the Supreme Court has not articulated any useful standards for application of the defense, it is clear that there will be few cases in which the defense will succeed. As Mr. Justice Powell stated in his concurring opin-

ion in *Hampton*, "the cases, if any, in which proof of predisposition is not dispositive will be rare" and "[p]olice overinvolvement in crime would have to reach a demonstrable level of outrageousness before it could bar conviction." 425 U.S. 484, 495, n. 7, 96 S.Ct. 1646, 1653, 48 L.Ed.2d 113, 122. Thus, in *Hampton*, the Court refused to find that due process was violated by the drug sale conviction of a predisposed defendant where the government, through agents, had acted both as supplier of narcotics to the defendant and as his subsequent purchaser.

Our examination of the record in this case does not reveal any police conduct which was either unlawful or sufficiently outrageous to bar defendant's conviction.

Affirmed.

---

1. Plurality opinion of Justice Rehnquist, Chief Justice Burger, and Justice White ruled out the possibility of such a defense. The two concurring justices (Justices Powell and Blackmun) and the three dissenters (Justices Brennan, Stewart and Marshall) make up the majority who recognized the due-process defense. Justice Stevens did not participate.