STATE of Minnesota, Respondent,

v.

Ellis Edsel BELLFIELD, Appellant.

No. 48258.

Supreme Court of Minnesota.

Dec. 15, 1978.

Rehearing Denied Jan. 19, 1979.

Ellis Olkon and Ronald Resnik, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., John Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Edward F. Klinger, Asst. County Atty., Moorhead, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of charges of soliciting prostitution, Minn.St. 609.32, subd. 3(3), and conspiracy to solicit prostitution, §§ 609.32, subd. 3(3), and 609.175, subd. 2(3). The trial court sentenced him to concurrent prison terms of 5 years and 2½ years. On this appeal from judgment of conviction and from the order denying his motion for a new trial, defendant does not challenge the sufficiency of the evidence but contends that the trial court erred in denying a motion for a change of venue, in admitting tape recordings of telephone conversations between defendant and the informant, and in admitting certain *Spreigl* evidence, that the conduct of the police in obtaining evidence of his guilt was so outrageous as to violate due process, and that his arrest was illegal. We affirm.

The solicitations in this case were made by telephone, and venue was laid in the county in which the person who was solicited, a citizen informer, lived and received the calls. We believe that venue was properly laid in this county and that the trial court did not abuse its discretion in denying a motion for a change of venue. See, Rules 24.01, 24.02, subd. 9, 24.03, subd.

1, and 25.02, subd. 3, Rules of Criminal Procedure, and *State v. Gilbert*, 268 N.W.2d 576 (Minn.1978).

Tape recordings were made of the telephone conversations defendant had with the citizen informer and were admitted in evidence at defendant's trial. Because one of the parties to these conversations—i. e., the informer—voluntarily consented to the taping of these calls, no warrant was required by either the Federal or state statutes relating to interception and recording of telephone communications, and no Fourth Amendment issue is presented. See, 18 U.S.C.A., § 2511(2)(c)(d), Minn.St. 626A.02, subd. 2(c)(d), and *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). There was adequate foundation for the admission of the tapes. See, *United States v. McMillan*, 508 F.2d 101 (8 Cir. 1974), certiorari denied, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975).

There is no merit to defendant's contention that the trial court erred in admitting certain so-called *Spreigl* or other crime evidence.

Defendant raised the defense of entrapment in the trial court, waiving the right to have the jury consider the issue and letting the court do so instead. *State v. Grilli*, 304 Minn. 80, 230 N.W.2d 445 (1975). The court, acting as factfinder, found that beyond a reasonable doubt defendant was predisposed to commit the crime and therefore there was no entrapment. Defendant apparently does not challenge this finding. Instead, relying upon *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), defendant contends that the conduct of the police in this case in attempting to obtain evidence against him was so outrageous as to violate his right to due process. See, in addition to *Hampton*, our recent opinion in *State v. Morris*, 272 N.W.2d 35 (Minn.1978). Our examination of the record in this case does not reveal any police conduct which was either unlawful or sufficiently outrageous to bar defendant's convictions.

Defendant's final contention, that his arrest was unlawful, is meritless.

Affirmed.