STATE of Minnesota, Respondent,

v.

Candace CRIST, Appellant.

No. 48812.

Supreme Court of Minnesota.

May 18, 1979.

Meshbesher, Singer & Spence and Carol M. Grant, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of engaging in prostitution (by intentionally offering to engage in sex for hire), Minn.St. 609.32, subd. 4(1), and was sentenced by the trial court to a term of 6 months in jail. Defendant ap-

peals from judgment of conviction, and we affirm.

■ The first issue raised by defendant is whether the evidence supports the trial court's pretrial factual determination that there was no entrapment. Pursuant to the procedures established in *State v. Grilli*, 304 Minn. 80, 230 N.W.2d 445 (1975)—see also *State v. Ford*, 276 N.W.2d 178 (Minn.1979) —defendant waived her right to a jury trial on the entrapment issue, electing instead to have the trial court act as factfinder on the issue. The trial court found that the criminal activity was initiated by defendant, not the police, and that, in any event, defendant was predisposed to commit the offense. The evidence fully supports this determination.

■ The second issue is whether the conduct of the police, while not constituting entrapment, was nonetheless so outrageous as to constitute a violation of due process. The specific issue is whether a plain-clothes police officer violates due process when, in order to gain evidence sufficient to justify the arrest of a prostitute, he accedes to a demand that he expose himself before she will negotiate with him. This issue is answered by our decision in *State v. Morris*, 272 N.W.2d 35 (Minn.1978), which is precisely in point and holds that such conduct does not violate due process.

■ Defendant next contends that the prosecutor committed misconduct by eliciting certain evidence which defendant argues impermissibly tended to show that she had a prior record of prostitution. Specifically, the prosecutor elicited testimony from the officer who negotiated with defendant that he "recognized" her and evidence from the other officer, who overheard the negotiations and assisted in the arrest, that he knew defendant from prior police contact with her. The state does not seek to justify the admission of the evidence under any exception to the rule generally excluding evidence of other crimes as it might have, had a *Spreigl* notice been properly filed. Defense counsel objected to the questions which elicited the testimony about "recog-

nizing" and "knowing" defendant, but she did not object to the questions which elicited the statement about prior police contact with defendant. It was this latter unobjected-to statement which more clearly suggested to the jury that the defendant had a prior record as a prostitute. Further, our examination of the record indicates that there was other properly-elicited evidence from which the jury reasonably could have inferred that this was not defendant's first act of prostitution. Beyond this, the evidence of defendant's guilt was overwhelming and it is extremely unlikely that the challenged evidence played a substantial role in causing the jury to find defendant guilty.

■ Defendant's final contention is that the trial court erred in refusing to give the following requested instruction:

"A person cannot be convicted of the crime of prostitution unless he or she intentionally engages or offers or agrees to engage for hire in sexual penetration. Intent is an essential element or component of the crime. The prohibited act also is an essential element of the crime. The state has the burden of proving each of these elements beyond a reasonable doubt. It is defendant's position that she neither intended to commit the crime charged, nor actually committed a prohibited act, in part because she was suffering from pelvic inflammatory disease, and because that condition would have made sexual penetration extremely painful."

We hold that the court did not err in refusing to give this instruction. The court did give a proper "elements" instruction. The proposed instruction might well have misled the jury into believing that the state had to prove that defendant actually intended to have intercourse with the officer. All the state had to prove was that she intentionally agreed or offered to engage in sexual intercourse for hire.

Affirmed.