STATE of Minnesota, Respondent,

v.

Pyong KELLY, Appellant.

No. C4–85–764.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., James H. Tumulty, Asst. City Atty., Minneapolis, for respondent, State.

Randall D. Tigue, Minneapolis, for appellant, Kelly.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK, and HUSPENI, JJ.

WOZNIAK, Judge.

Appellant was convicted under Minnesota's prostitution statute. She was convicted of a gross misdemeanor because she has a prior conviction. She appeals, claiming the prostitution statute violates her right to privacy and is unconstitutionally vague. We affirm.

## FACTS

On October 16, 1984, an undercover officer of the Minneapolis Police Department entered the Bamboo Health Club in Minneapolis. He was met by the appellant, and he asked her what types of massage were available. She told him that he could have a sauna for $10, body work for $15, a rubdown for $20, or a Bamboo Special, for which she did not quote a price. The officer elected the rubdown for $20, and appellant showed the officer where he could shower.

After the officer showered, he was met by the appellant, who directed the officer to lie down so she could commence the rubdown. After several minutes, appellant asked the officer if he wanted a longer massage. The officer replied that he did not want any more massage and inquired about the possibility of getting sex. The appellant asked him how much he wanted to spend, and he replied that he would spend $30. The appellant told him it would cost $40. When the officer asked for details, she told him that for $50, he could have oral sex and sexual intercourse. The officer agreed to the $50 price and then insisted that the appellant obtain a condom

for him. When she returned, the officer said that he had to go out to his car to get more money. The appellant became suspicious and told the officer that he would not have to worry about money because she liked him. She said that they would have sex together and that she would make him happy and he would make her happy. The appellant began to take her clothes off, but the officer feigned embarrassment and refused to continue. He then got dressed and left the health club.

Once the officer left the club, he summoned other officers for assistance. The officers searched the health club and found the appellant outside, hiding in her car. She was arrested and charged with prostitution. The police reviewed the appellant's record and learned that she had been convicted of prostitution in 1983. Thus, she was charged with a gross misdemeanor in the case now here on review. *See* Minn. Stat. § 609.324, subd. 3 (1984) (penalty for a prostitution conviction if within two years of another conviction).

The appellant claims that the Minnesota prostitution statute violated her right to privacy and that the statute is unconstitutionally vague.

## ISSUES

1. Did the conviction under Minnesota's prostitution statute violate appellant's right to privacy?

2. Is the statute unconstitutionally vague?

3. Did the police officer consent and thus relieve appellant from any criminal liability?

4. Did the appellant's withdrawal of her offer to have sex with the police officer relieve her of criminal liability?

5. Was the appellant properly charged with a gross misdemeanor?

## ANALYSIS

■ 1. This court has previously considered the question of whether the prostitution statute violates an individual's right to privacy. *See State v. Ketter*, 364

N.W.2d 459 (Minn.Ct.App.1985) (rejecting argument that the statute violates the right to privacy). Appellant recognizes that the argument has been rejected, but nonetheless raises it again. We adopt the holding of *Ketter* and find that appellant has no protected right to practice prostitution. This is consistent with the United States Supreme Court's decisions regarding the right to privacy. *In Paris Adult Theater I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), the Supreme Court held that only fundamental, personal rights are guaranteed the right of privacy protected by the Fourteenth Amendment. *Id.* at 65, 93 S.Ct. at 2639. The court said, "This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing." *Id.* That the practice of prostitution does not come within the ambit of the protected privacy interest is so obvious as to warrant no further discussion.

2. The void for vagueness doctrine dictates that a statute is unconstitutional if it

> exposes a potential actor to some risk or detriment without giving him fair warning of the nature of the proscribed conduct.

*Rowan v. United States Post Office Department*, 397 U.S. 728, 740, 90 S.Ct. 1484, 1492, 25 L.Ed.2d 736 (1970). In Minnesota, a criminal statute must be "sufficiently definite to inform a person of ordinary intelligence what it is that the statute compels or prohibits." *State v. Simmons*, 280 Minn. 107, 110, 158 N.W.2d 209, 211 (1968). That is not to say that the courts require "mathematical precision." *Id.* The statute must not, however, be so vague "that men of common intelligence must guess at its meaning." *Id.*

■ Appellant argues that the statute under which she was charged is so vague as to be unconstitutional. *See* Minn.Stat. § 609.324. Section 609.324 states in pertinent part:

> Whoever solicits or accepts a solicitation to engage for hire in sexual pen-

etration or sexual contact while in a public place may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000 or both.

Whoever intentionally does any of the following may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $700, or both:

\*   \*   \*   \*   \*   \*

Hires or offers or agrees to hire an individual 18 years of age or above to engage in sexual penetration or sexual contact.

*Id.* § 609.324, subds. 2, 3(2).

We do not agree with appellant that the language of the statute is vague. A person of ordinary intelligence would understand what conduct the statute prohibits.

■ 3. Appellant claims that the statutes suggest that the consent of the prostitute's customer is a defense to a charge of prostitution. Minnesota Statutes Section 609.325, subd. 2, provides that consent is not a defense to prosecution under sections 609.322 and 609.323. Appellant argues that since she was prosecuted under section 609.324, section 609.325 implies that consent is a defense.

Appellant's argument is unconvincing. We would effect an absurd result, contrary to the obvious intent of the legislature, if we construed the statutes to make consent a defense to a charge of prostitution. *See State v. Bean,* 199 Minn. 16, 20, 270 N.W. 918, 921 (1937) (courts will construe statutes so as to suppress mischief and advance the remedy, and to promote rather than defeat the legislative purpose).

■ 4. Appellant argues that she withdrew her offer to have sex with the police officer and thus cannot be found guilty of a charge of prostitution. The statute, however, does not state that withdrawal of the offer will preclude prosecution. Instead, the language of the statute makes prostitution an inchoate offense: the mere offer of sexual services is a crime. *See* Minn.Stat. § 609.324, subd. 3(2). Furthermore, the Minnesota Supreme Court has stated that in prostitution cases, the state need only prove that the prostitute "intentionally agreed or offered to engage in sexual intercourse for hire." *State v. Crist,* 281 N.W.2d 657, 658 (Minn.1979). There are no Minnesota cases in which the defendant successfully claimed she withdrew her offer to have sex with her customer. Therefore, we find that appellant's criminal act was complete when she offered sexual services for pay.

5. Appellant has a prior prostitution conviction on her record: she was convicted under the prostitution statute on November 4, 1983. The conviction that she appeals here occurred within two years of the 1983 conviction, which is the reason she was charged in this case with a gross misdemeanor. *See* Minn.Stat. § 609.324, subd. 3 (two convictions under the statute within two years may subject the defendant to imprisonment for not more than one year or a fine of not more than $3,000, or both). Appellant argues that her prior conviction may not serve to aggravate her present offense because the prior offense was not a crime. She was fined only $100 for the prior offense, which served to reduce the offense to a petty misdemeanor. *See* Minn. R.Crim.P. 23.01, 23.02 (fine of $100 or less reduces the conviction to a petty misdemeanor). A petty misdemeanor is not a crime. *Id.* Rule 23.06.

■ We find that even if a petty misdemeanor is not a crime, appellant has a prior prostitution conviction that occurred within two years of this conviction. That is sufficient to aggravate this offense. The mere fact that the trial judge exercised his sentencing discretion in the earlier case does not render nugatory the effect of the conviction upon subsequent offenses. Since appellant has a prior conviction on her record, she may now be properly charged under the statute with a gross misdemeanor.

## DECISION

The practice of prostitution is not accorded the protection of the Constitution be-

cause there is no privacy interest involved. Minnesota's prostitution statute is not void for vagueness because a person of reasonable intelligence would understand what conduct the statute proscribes. The statute does not provide that consent is a defense to a charge of prostitution, and appellant's withdrawal of her offer to perform sexual services did not relieve her of criminal liability. Appellant was properly charged with a gross misdemeanor because she has a recent prior conviction for prostitution.

Affirmed.