ANDREW CHONIS v. STATE.

177 N. W. (2d) 810.

May 22, 1970—No. 41653.

*C. Paul Jones,* State Public Defender, and *Rosalie Wahl,* Assistant State Public Defender, for appellant.

*D. P. Mattson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and James F. Murphy, JJ.

PER CURIAM.

Appeal from an order of the district court denying appellant's petition for postconviction relief.

On August 15, 1962, petitioner was charged by complaint with rape in violation of Minn. St. 1961, § 617.01. From the time he voluntarily surrendered to the police on August 14, 1962, and during all stages of the proceeding resulting in his conviction and sentence, petitioner was represented by privately retained counsel. On September 4, 1962, after waiving preliminary hearing, petitioner appeared for arraignment before the district court. A prior history of hospitalization for mental disorders was disclosed, and upon petitioner's motion, the court di-

rected the probate court of Olmsted County to conduct a sanity hearing. Following receipt of the report from the probate court finding petitioner competent to stand trial, he reappeared for arraignment before the district court on October 1, 1962, and tendered a plea of guilty to an information charging the crime of rape. At petitioner's request, joined in by the prosecution, the court ordered him committed to the commissioner of public welfare for a social, physical, and mental presentence examination and report pursuant to Minn. St. 1961, § 246.43, and contemporaneously ordered a presentence investigation by the Department of Corrections. On November 15, 1962, following a hearing and consideration of the presentence reports and the circumstances of the crime, including the wounding of the victim with a paring knife, petitioner was adjudged guilty of rape and sentenced to the State Prison for an indeterminate term of 30 years.

Almost 5 years later, on July 11, 1967, petitioner filed this petition for postconviction relief alleging (1) that his plea of guilty was improperly induced by unfulfilled promises of defense counsel that he would be sentenced to a mental hospital if he pled guilty; (2) that he was denied adequate aid and representation of counsel because, after he was induced to plead guilty upon the promise that he would be sentenced to a mental hospital for treatment, defense counsel failed to move to withdraw petitioner's plea of guilty when the district court indicated that he would commit petitioner to prison rather than to a state hospital for treatment; and (3) that the court erred in sentencing petitioner to the State Prison where the presentence examination conducted pursuant to § 246.43 arguably indicated that, despite the recommendation of the commissioner of public welfare, he should be placed in a state hospital for specialized treatment.

The postconviction court afforded petitioner a plenary evidentiary hearing. He gave oral testimony and submitted affidavits in support of his claims, and the state in opposition submitted a detailed affidavit of defense counsel—which, we are informed, was based in large part on tape recordings made and preserved by defense counsel. The court denied relief upon a determination that petitioner had failed to establish his claims. Additionally, the court found that petitioner's plea of guilty was voluntarily made in full acknowledgment of his guilt; that no promises, as claimed, were in fact made by either defense counsel or the prosecutor; that in fact, as the record unequivocally reveals, petitioner recognized his need for custodial care, but that his desire and objective, as skillfully directed and presented by defense counsel, was to persuade the sentencing court to commit him to a state hospital

rather than the State Prison; and that petitioner was fully aware that, as a consequence of his plea, he could either be committed to a state hospital or the State Prison and that the final disposition rested with the sentencing court. The postconviction court also found that the sentencing court, after careful examination of all the facts and circumstances surrounding the crime and the report of the psychiatric examination, determined to follow the recommendation contained in the written report of the commissioner of public welfare—that petitioner should not be committed under § 246.43 because he showed no evidence of psychosis, was not in need of hospitalization, and would not prove amenable to psychotherapy; that despite every effort to achieve commitment under § 246.43 made by defense counsel, the recommendations and results of the presentence examinations and the circumstances of the crime persuaded the sentencing court that such a commitment was not warranted.

No one can examine this record without being impressed by the amount of time and effort put forth by defense counsel to accomplish the type of custody petitioner desired. There is ample evidence to sustain the postconviction court's determination that petitioner had failed to establish his claims and that there would have been no basis in law or in fact to move to withdraw the plea of guilty after it became apparent that a sentence to imprisonment was to be entered. In our opinion the record, rather than showing inadequate representation of counsel, establishes the opposite.

With respect to the claim that the court should have committed petitioner to the custody of the commissioner of public welfare for specialized treatment in a state hospital, it must be borne in mind that where the commissioner's report does not recommend specialized treatment for mental and physical aberrations, Minn. St. 246.43, subd. 5, provides that the court "shall sentence him in the manner provided by law."

Our comprehensive review of the entire record reveals not only ample justification for the action of the sentencing court in committing petitioner to prison but also adequate evidentiary support for the findings and order of the postconviction court.

Affirmed.