ROY HOUGHTON v. STATE.

207 N. W. 2d 63.

April 27, 1973—No. 43092.

*C. Paul Jones*, State Public Defender, and *Carl J. Newquist*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Murphy, and Schultz, JJ.

PER CURIAM.

On May 21, 1924, a jury found petitioner guilty of murder in the second degree. He appeals from an order denying him postconviction relief. We affirm.

Petitioner asserts, among other things, that his confession was involuntary and that, in submitting that issue to the jury, the trial court failed to follow the procedures prescribed by Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. 2d 908, 1 A. L. R. 3d 1205 (1964). Error is also alleged in the conduct of the lineup and in the court's charge on the presumption of intentional homicide.

In State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 551, 141 N. W. 2d 3, 12 (1965), we observed that new trials in criminal cases will be granted more readily where claims of constitutional infringement are promptly called to the attention of reviewing courts "so that a second trial, if ordered, can be had before memories fade or witnesses disappear." Here, almost 50 years have elapsed since the crime was committed and defendant convicted. In April 1963, petitioner was released from

the state hospital where he had been confined for 36 years and was transferred to another state hospital. In November of that year he was paroled and thereafter released from the hospital. In April 1967, he was unconditionally discharged from parole. He initiated these proceedings in September 1970.

The record indicates that none of the witnesses who testified at the trial, except petitioner, is now available. We are of the opinion that, if the matter has not been rendered moot by petitioner's unconditional discharge, it was proper for the trial court to deny relief where over 46 years elapsed before petitioner asserted his rights. Accordingly, the order is affirmed.

Affirmed.