Jerome R. CARLE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 46817.

Supreme Court of Minnesota.

July 8, 1977.

Rehearing Denied Aug. 25, 1977.

Bruce Hiller, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before PETERSON, TODD and YETKA, JJ., and considered and decided by the court en banc.

PER CURIAM.

Jerome R. Carle (Carle) entered a plea of guilty to the charge of aggravated assault with a dangerous weapon. The trial court then ordered the preparation of a presentence investigation (PSI) report. Throughout the proceedings, Carle was represented by private counsel. Based on the advise of counsel, Carle waived his right of allocution at the sentencing hearing. Instead, his attorney argued that treatment of Carle would be a more appropriate sentence than incarceration. The trial court, after the arguments of counsel and a review of the PSI report, sentenced Carle to not less than 3 years' nor more than 5 years' imprisonment pursuant to Minn.St. 609.11. Thereafter, Carle sought postconviction relief, which was denied by the trial court after a hearing. We affirm.

On February 27, 1975, Carle was charged with aggravated assault inflicting great bodily harm, Minn.St. 609.225, subd. 1, and 609.11, and aggravated assault with a dangerous weapon, Minn.St. 609.225, subd. 2, and 609.11. The charges against Carle originated from the alleged beating of his 12-year-old adopted stepson with a baseball

bat. The repeated beatings of the child were so severe that the boy was hospitalized for 1 month to recover from his extensive injuries.

Carle retained private counsel who diligently prepared the matter for trial, including independent research to acquaint himself with the problem of child abuse. Pursuant to a plea negotiation, Carle agreed to plead guilty to aggravated assault with a dangerous weapon in exchange for the dismissal of the more serious charge. The trial court ordered the preparation of a PSI report on Carle. Defense counsel obtained a professional evaluation of his client by two psychiatrists who were experienced in the treatment of the victims and perpetrators of child abuse and made the reports available to the court.

At the sentencing hearing, Carle was afforded the opportunity to address the court. On the advice of his attorney, Carle declined to exercise his right of allocution. However, his attorney argued vigorously that treatment of Carle rather than incarceration would be the more appropriate disposition of the case for both society, his client, and the Carle family. After examining the PSI report and considering the arguments made by counsel, the trial court sentenced Carle to not less than 3 years' nor more than 5 years' imprisonment pursuant to Minn.St. 609.11, commonly referred to as the minimum-sentence statute.

Following his imprisonment, Carle retained his present attorney. For the first time, Carle disclosed that he had been a victim of abuse as a child. It is recognized that in the battered child syndrome, victims of child abuse may have a propensity to become battering parents. *State v. Loss*, 295 Minn. 271, 204 N.W.2d 404 (1973).

After consulting with Carle, the attorney filed a petition for postconviction relief with the trial court, asking that Carle's sentence be vacated. In support of the petition, Carle alleged that he had been denied several constitutional rights during the original proceeding. After receiving testimony only on the issue of the adequacy of counsel in representing Carle at the pre-

vious hearings, the trial court denied postconviction relief.

On appeal, Carle assigns the following errors:

(1) He was denied the effective assistance of counsel at the sentencing hearing.

(2) The imposition of a sentence involving imprisonment rather than committing him to a treatment program constitutes cruel and unusual punishment.

(3) The statutory classification of prisoners sentenced under § 609.11, with regard to their access to treatment programs provided by § 241.31, is a denial of equal protection of the laws.

(4) He was denied his due process right to a hearing on the possibility of treatment.

After a thorough examination of the record and consideration of the issues, we hold that each of Carle's constitutional arguments is without merit. Carle's claim that he was denied effective assistance of counsel is totally unsubstantiated by the record. On the contrary, the performance of the first attorney on Carle's behalf far exceeded the standards for determining the adequacy of counsel established in *White v. State*, Minn., 248 N.W.2d 281 (1976). Furthermore, Carle's argument that the sentence imposed by the trial court amounted to cruel and unusual punishment is without merit. See, *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *McLaughlin v. State*, 291 Minn. 277, 190 N.W.2d 867 (1971).

Since Carle was sentenced under § 609.11 he must serve a minimum sentence before he is eligible for a parole from prison. While serving the minimum term Carle is precluded from gaining admission into a community correctional center treatment program established pursuant to § 241.31. Carle contends that this statutory scheme denies him equal protection of the laws. This contention is also without merit. See, *State v. Witt*, Minn., 245 N.W.2d 612 (1976); *Schwartz v. Talmo*, 295 Minn. 356, 205 N.W.2d 318, appeal dismissed, 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973).

■ Carle finally urges that he was denied due process of law at the sentencing hearing because his attorney was not afforded a full and complete opportunity to address the court on the possibility of specific treatment programs as an alternative to incarceration. The record of the sentencing hearing demonstrates that his attorney, although not offering specific treatment possibilities to the trial court, eloquently argued on Carle's behalf for treatment. Thus, we hold that Carle was not denied due process of law at the sentencing hearing.

Affirmed.