STATE of Minnesota, Respondent,

v.

James Neil ZUEHLKE, Appellant.

No. 47757.

Supreme Court of Minnesota.

Dec. 22, 1978.

C. Paul Jones, Public Defender, Gregory A. Gaut, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Spec. Asst. Atty. Gen., St. Paul, John F. Corbey, County Atty., Mankato, for respondent.

Heard before ROGOSHESKE, PETERSON, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

This is an appeal from an order of the district court denying a motion by defendant that he be granted credit against a 5-year prison term for time spent in a sex offender program at the Minnesota Security Hospital. We affirm.

On January 31, 1973, defendant pleaded guilty to one charge of kidnapping, three charges of aggravated rape, and four charges of aggravated assault. The charges arose from four separate incidents that took place in the Mankato area from November 1972 through January 1973.

On November 16, 1972, while driving his car, defendant spotted a young woman pedestrian. He parked the car, approached and grabbed her from behind, and forced her into his car, holding a knife to her neck. He then drove to a wooded area, raped her, and returned her to the area where she had been walking. Defendant was charged with and pleaded guilty to kidnapping, aggravated rape, and aggravated assault.

On December 4, 1972, and again on December 28, 1972, defendant picked up young women pedestrians, after which he threatened them with a knife, drove to a secluded, wooded area, raped them, and returned them to the city. For each incident defendant was charged separately with aggravated rape and aggravated assault to which he pleaded guilty.

The fourth incident occurred on January 24, 1973. Defendant picked up a female hitchhiker and threatened her with a knife. After a struggle, the woman managed to jump from the car and escape. She was not raped. Based on these facts, defendant was charged with and pleaded guilty to aggravated assault.

After receiving defendant's pleas, the district court committed defendant to the Commissioner of Public Welfare for examination pursuant to Minn.St. 246.43(1) to determine defendant's suitability for specialized treatment in a sex offender program at the Minnesota Security Hospital in St. Peter. Based on the examination, the Commissioner recommended to the court that defendant receive the treatment.

For the aggravated rape committed on November 16, 1972, the court committed defendant to the Commissioner of Public Welfare according to the terms of Minn.St. 246.43 until discharge. For the aggravated rapes occurring on December 4 and 28, 1972, the court imposed maximum terms of 30 years each but put defendant on probation on condition that he seek outpatient care as required by § 246.43. For the aggravated assault which occurred on January 24, 1973, the court sentenced defendant to a five-year prison term, with the sentence to be executed upon defendant's release from the Commissioner of Public Welfare according to the terms of § 246.43.

Defendant's confinement at the Minnesota Security Hospital commenced on April 24, 1973 and was extended to April 24, 1976 by the district court on January 7, 1975.

On June 11, 1976, in response to a letter from the Commissioner of Public Welfare stating that defendant was "not now a suitable candidate for treatment as a sex offender * * * due to his lack of motivation and cooperation," the district court terminated the commitment and ordered defendant transferred to the Minnesota State Prison at Stillwater to begin serving a 5-year sentence earlier imposed for the aggravated assault committed during the fourth incident.

Several months later, defendant applied to the district court and the Commissioner of Corrections for credit against his prison term for the time he was confined to the Minnesota Security Hospital. The district court denied the motion, and this appeal followed. During the pendency of this appeal defendant petitioned the district court for post-conviction relief, and this appeal was stayed. Defendant's petition was denied, and the appeal was reinstated.

Defendant's main argument is that Minn.St. 246.43 [1] precludes the 5-year prison term imposed for the fourth incident of aggravated assault. Specifically, he argues that the aggravated assault, the sole charge stemming from the fourth incident, was one of a series of sex-related offenses, which differed from the other offenses only in that his intentions on this occasion were frustrated by the victim's escape.

If defendant's characterization of the fourth incident as a sex offense was accurate, then the conviction for that offense would be subject to Minn.St. 246.43, and the consecutive sentence would have been improper since commitments for all sex offenses pursuant to the statute must be simultaneous with or in lieu of incarceration. See, *State ex rel. Hall v. McRae,* 303 Minn. 284, 227 N.W.2d 557 (1975), and *Chonis v. State,* 287 Minn. 542, 177 N.W.2d 810 (1970).

However, we do not accept defendant's argument that the aggravated assault was in reality a sex offense within the purview of § 246.43. While it is, of course, arguable that defendant could have been charged with and convicted of attempted rape for this incident, the facts are that he was not so charged and the record of the plea hearing does not contain any testimony by defendant that he intended to commit rape, whereas his intent to commit the aggravated assault is clear. Given this state of the record, we do not believe that the court erred in sentencing defendant on the aggravated assault charge rather than attempting to draw the incident into the sex offender statute.

Defendant's next contention is that even if the fourth incident is not characterized as a sex offense, the consecutive sentence was nonetheless inappropriate for a number of reasons, the main one being that such a sentence cuts against the rehabilitative purposes of § 246.43. While it is undeniable that a consecutive sentence to prison to commence at the termination of treatment does detract from the statute's reha-

bilitative goal, there is nothing in the statute which requires concurrent sentencing in this situation, and the trial court's action appears to have been an attempt to strike a balance between the need for rehabilitation and what he believed was the public interest in confinement in this case.

Defendant's contention that the commencement of the prison term was subject to an impermissibly indefinite stay has no merit.

There is also no merit to defendant's contention that the refusal of credit for time spent in the hospital denied him equal protection. His position is different from that of an inmate who suffers mental illness and is hospitalized while serving a prison term, since defendant's hospital commitment and prison term were for two different crimes. There is thus a rational basis for requiring credit in the one case but not in the other.

Affirmed.

---

1. The 1978 legislature repealed Minn.St. 246.43. L.1978, c. 723, § 19. The repeal will go into effect on May 1, 1980. L.1978, c. 723, § 20, subd. 2.