Toby Blair KROMINGA, Appellant,

v.

STATE of Minnesota, Respondent.

No. 81–340.

Supreme Court of Minnesota.

Nov. 6, 1981.

Rapoport, Singer, Wylde & Nordby, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert Carolan, County Atty., Mark Nathan Lystig, Asst. County Atty., Hastings, for respondent.

TODD, Justice.

This is an appeal by a prison inmate, serving a 20-year term, from an order of the district court denying, without a hearing, his petition for postconviction relief. We affirm the portion of the order denying relief from the sentence but remand for an evidentiary hearing on petitioner's contention that he should be permitted to withdraw the guilty pleas on which his convictions were based.

Petitioner was originally charged with seven offenses as a result of his conduct in kidnapping and sexually assaulting a young woman on February 7, 1979. Evidence against him was strong, including positive identification by the victim and a confession by petitioner. Faced with this evidence, petitioner agreed to enter straight guilty pleas to charges of kidnapping and criminal sexual conduct in the second degree, in exchange for a dismissal of the other charges.

After receiving a presentence investigation report, including the results of a sexual offender examination at St. Peter pursuant to Minn.Stat. § 246.43 (1978),[1] the trial court, rejecting a recommendation to commit petitioner to the custody of the Commissioner of Public Welfare for treatment, sentenced petitioner to 20 years in prison for the kidnapping.[2]

In his petition for postconviction relief petitioner alleges that he should be permitted to withdraw his guilty pleas because he was deprived of effective assistance of counsel and because he did not know that he would not be given treatment for his problems. He also alleged that the trial court improperly sentenced him to prison and that the denial of treatment constituted cruel and unusual punishment.

The record made at the time petitioner entered his guilty pleas was adequate to support the convictions against any attack on direct appeal. However, in a postconviction proceeding a petitioner is free to show, if he can, that even though the record made

---

1. The Sex Offender Act does not apply to offenses committed after May 30, 1979. 1979 Minn.Laws, ch. 258, § 25(2), 26.

2. Because the offense for which petitioner was sentenced was committed before May 1, 1980, the Sentencing Guidelines did not apply. By 1981 Minn.Laws, ch. 366, the legislature provided that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the provisions of the guidelines. Petitioner is free to petition the district court for relief pursuant to this provision.

at the time he entered the guilty pleas was adequate to support the pleas, the pleas in fact were made involuntarily and without knowledge of the law or consequences. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), illustrates the use of this second approach in a case in which, absent a postconviction hearing and findings favorable to the defendant, the defendant would not have been entitled to withdraw his guilty plea. A Minnesota case supporting this analysis is *Hirt v. State*, 298 Minn. 553, 214 N.W.2d 778 (1974).

■ While petitioner is entitled to a hearing on his allegations bearing on the validity of his guilty pleas, we agree with the postconviction court that no hearing is required on his allegations relating to the sentence. Even assuming that the kidnapping offense for which petitioner was sentenced was in reality a sex offense, *see State v. Zuehlke*, 273 N.W.2d 658 (Minn. 1978), the trial court still was under no obligation to sentence petitioner to the Commissioner of Public Welfare because, under *Fritz v. State*, 284 N.W.2d 377 (Minn. 1979), that was not a dispositional requirement, only a dispositional alternative.

The other argument, that sentencing a defendant in need of treatment to imprisonment constitutes cruel and unusual punishment, was explicitly rejected by us in *Carle v. State*, 257 N.W.2d 544 (Minn.1977), a case not involving section 246.43, and implicitly rejected in the previously cited *Fritz v. State*, 284 N.W.2d 377 (Minn.1979), which did involve section 246.43.

■ To the extent petitioner is mentally or physically ill and in need of treatment while incarcerated, he has a right to bring an action in which the Commissioner of Corrections is a party. He can do this in state court, *see State v. Carpenter*, 282 N.W.2d 910 (Minn.1979), or in federal court, *see Hines v. Anderson*, 439 F.Supp. 12 (D.Minn.1977).

Affirmed in part, reversed and remanded in part.