**STATE of Minnesota, Respondent,**

v.

**Kenneth H. BARBO, Appellant.**

**No. C8–82–168.**

Supreme Court of Minnesota.

Nov. 10, 1983.

C. Paul Jones, State Public Defender by Elizabeth B. Davies, Asst. State Public De-

fender, Law Center, University of Minn., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty. by Peter Banovetz, Asst. County Atty., Duluth, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of two counts of selling or distributing marijuana and was sentenced by the trial court to prison terms of 17 months with the terms running concurrently with each other and with contemporaneously imposed and executed prison terms for two prior convictions. On his appeal from judgment of conviction and from the order denying his post-trial motion, defendant contends that either his convictions should be reversed outright on the ground that the evidence of his guilt was legally insufficient or he should be given a new trial because of erroneous evidentiary rulings by the trial court concerning the admission of certain tape recordings and the impeachment of a police officer testifying for the state. We affirm.

On May 12, 1981, state and local narcotics officers arrested Duane Allen, a 39-year-old Duluth resident who previously had made two separate sales of marijuana to an undercover narcotics officer. Allen told police that on two occasions he had bought marijuana from defendant, 5 pounds each time, and he agreed to cooperate with the police in trying to obtain other evidence that would aid in the prosecution of defendant for making those sales. Accordingly, Allen was provided with a tape recorder and suction microphone for the purpose of taping telephone conversations with defendant. These calls occurred on May 21, 22, and 23. In the calls defendant made incriminating statements that corroborated Allen's assertion to police and his testimony at trial concerning the two prior sales by defendant. Police also fit Allen with a "body bug"—a battery operated microphone and transmitter—and taped two meetings that Allen had with defendant on the 23rd.

We hold that the trial court properly admitted the tapes, properly let the jurors use a typewritten transcript in listening to one of the tapes, and properly permitted the jurors to take the tapes with them to the jury room. *State v. Williams,* 337 N.W.2d 689 (Minn.1983); *State v. Olkon,* 299 N.W.2d 89 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981); *State v. Bellfield,* 275 N.W.2d 577 (Minn.1978).

We also hold that the trial court did not err prejudicially in its rulings relating to defendant's attempt to impeach a police sergeant who participated in the investigation. During the state's case in chief the trial court refused, on the ground of staleness, to permit defense counsel to cross-examine the officer about a 1977 fight he had with defendant. However, during the defendant's case in chief, the defendant presented evidence implying that the officer, wanting to "set up" defendant, had first suggested defendant's name to Allen; in connection with this evidence defendant presented evidence relevant to the 1977 fight, which defendant contended led to a personal vendetta by the officer to get back at him. After the defense rested, the state was permitted to present evidence on rebuttal to the effect that although the fight had occurred, the officer had not suggested defendant's name to Allen or in any way tried to manufacture a case against defendant. These rulings were all within the trial court's discretion in the admission of evidence.

There is no merit to defendant's remaining contention, that the evidence of his guilt was legally insufficient.

Affirmed.