**Arthur Thomas KOST, Petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C5–83–977.**

Supreme Court of Minnesota.

Oct. 26, 1984.

Ronald I. Meshbesher, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

COYNE, Justice.

This is an appeal from an order of the district court denying a petition for post-conviction relief in the form of a new trial. We affirm.

In 1977 petitioner was found guilty by a district court jury of two counts of kidnapping and one count of aggravated assault. The convictions were based on evidence that on March 29, 1974, petitioner and Tom Munoz, seeking revenge for an attempted drug rip-off, abducted, tortured and killed Richard Peglow, one of the participants in the attempted rip-off, burying the body somewhere north of the Twin Cities. Both Peglow's father and his girl friend testified that they had not heard from him or seen him since the date of the suspected killing, and there was other strong evidence that he was murdered and buried. Nonetheless, because Peglow's body was never found, the state did not attempt to prosecute petitioner for murder. Petitioner was sentenced by the trial court to a maximum of 40 years in prison, with the term running consecutively to the remainder of a Virginia sentence that petitioner was required to serve after his Virginia parole was revoked because of the Minnesota offense. Petitioner began serving his Minnesota sentence in June of 1981.

Petitioner's first appeal was a combined appeal from judgment of conviction and from an order of the district court denying petitioner a post-conviction hearing. Is-

sues raised on that appeal by petitioner's new attorney, who continues to represent him, were: (1) whether the evidence of petitioner's guilt was legally insufficient; (2) whether the trial court erred in permitting the prosecutor to cross-examine one of the state's witnesses; (3) whether the trial court erred in excluding evidence offered by petitioner that two people thought they had seen Peglow alive and well a week or two after the offense; (4) whether the prosecutor committed prejudicial misconduct in closing arguments; and (5) whether the court erred in denying petitioner a hearing on his post-conviction petition, in which he claimed there was newly discovered evidence entitling him to a new trial. In *State v. Kost*, 278 N.W.2d 46 (Minn.1979), we affirmed the judgment of conviction and the order denying post-conviction relief.

In 1982 petitioner filed the instant petition for post-conviction relief. Petitioner argues that the evidence he produced at the hearing established that there was newly discovered material evidence entitling him to a new trial. He argues, alternatively, that the court erred in refusing to allow him to amend his petition at the end of the hearing and produce evidence bearing on whether his trial counsel failed to represent him effectively.

■ 1. As we stated recently in *State v. Swanson*, 353 N.W.2d 128, 130 (Minn., filed August 24, 1984), "Generally, in order to obtain a new trial on the ground of newly discovered evidence, the defendant has to establish that the evidence was not known to him at the time of trial, that his failure to learn of it was not due to lack of diligence, that the evidence is material, and that it will probably produce an acquittal at a retrial." Petitioner relies on three different types of alleged newly discovered evidence: (a) testimony that Peglow was seen alive as recently as 1980, (b) evidence bear-

ing directly on the reliability of the state's evidence connecting petitioner to the crime, and (c) evidence supporting petitioner's alibi. Some of the evidence is not material, most of it is unbelievable, and it cannot be said that any of it "will probably produce an acquittal at a retrial." We therefore hold that the district court properly concluded that petitioner failed to meet his burden of proof on this issue.

■ 2. The other issue is whether the court properly refused to let petitioner amend his petition and produce evidence on the issue whether his trial counsel failed to represent him effectively.

In *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), we stated, in part, that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." In *Bangert v. State*, 282 N.W.2d 540, 545 (Minn.1979), we indicated that the post-conviction remedy statute should be interpreted to provide relief whenever a defendant produces evidence of material facts, not theretofore heard, that require a vacation of the conviction or sentence in the interests of justice, and also indicated that we would not allow defendants to abuse the post-conviction remedy procedure. Minn.Stat. § 590.04, subd. 3 (1982) states that the court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner," but does not say that a petitioner may only use the post-conviction remedy once. Recently, in *Wensman v. State*, 342 N.W.2d 150 (Minn.1984), we stated that delay in seeking post-conviction relief may be considered in determining whether to grant a petition.[1]

Petitioner's counsel, an experienced criminal defense attorney who has been representing petitioner since 1977, waited until

1. *See, also*, IV A.B.A. Standards of Criminal Justice, Post-Conviction Remedies 22–2.4 and 22–6.2 (1980). Standard 22–2.4 reads in part:
(a) A specific time period as a statute of limitations to bar post-conviction review of criminal convictions is unsound.
(b) A person with a tenable or meritorious claim for post-conviction relief who deliber-

ately or inexcusably withholds presentation of that claim until occurrence of an event that he or she believes prevents successful reprosecution or correction of the vitiating error commits an abuse of process. Abuse of process ought to be an affirmative defense to be specifically pleaded and proved by the state.

1983 to raise the issue, then doing so only at the end of the 3-day hearing. The record contains no reasonable explanation for counsel's failure to raise the issue in the earlier post-conviction proceeding or, for that matter, for the failure to make any mention of such an issue until the end of the second post-conviction hearing. Further, there is nothing in the record on appeal establishing the slightest likelihood that petitioner would prevail on this issue if we were to remand and order the post-conviction court to conduct a hearing. Under the circumstances, we hold that the court did not err in refusing to allow petitioner to amend his petition and produce evidence on this issue.

Affirmed.

> An applicant who commits an abuse of process may be denied relief.
> Standard 22–6.2 reads in part:
>   (a) The degree of finality appropriately accorded to a prior judgment denying relief in a postconviction proceeding should be governed by the extent of the litigation upon the earlier application and the relevant factual and legal differences between the present and earlier applications. In particular,
>     (i) a judgment dismissing an application, on its face, for want of sufficient allegations should not bar consideration of the merits of a subsequent application that adequately indicates a cognizable claim; and
>     (ii) a judgment denying relief after plenary evidentiary hearing should be binding on questions of fact or of law fully and finally

> litigated. A question has been fully and finally litigated when the highest state court to which an applicant can appeal as of right has ruled on the merits of the question.
>   Finality should be an affirmative defense pleaded and proved by the state.
>   (b) Where an applicant raises in a subsequent application a factual or legal contention which the applicant did not use due diligence in
>     (i) raising in an earlier application, or,
>     (ii) having raised the contention in the trial court, failed to pursue the matter on appeal, a court may deny relief on the ground of an abuse of process. Abuse of process should be an affirmative defense to be pleaded and proved by the state.