**Charles Raymond ROBINSON, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C0-84-1657.**

Court of Appeals of Minnesota.

April 16, 1985.

C. Paul Jones, State Public Defender, Renee J. Bergeron, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and PARKER, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Charles Raymond Robinson appeals from the denial of his postconviction petition in which he sought resentencing or a new trial based on errors which occurred at trial. Robinson was convicted of aggravated robbery, burglary, and second-degree assault after he and three accomplices forced their way into a home and tied up and robbed the residents. We affirm Robinson's convictions but modify his sentence.

## FACTS

Around 4:00 a.m. on April 17, 1982, Dexter Hopf, age 69, was awakened by a banging on the front door. He went to the door and clearly saw one individual standing at the door and three others standing to the side. The person standing at the door asked to use the telephone to call for help because they had been in a serious accident. As Hopf turned the doorknob, the intruders forced open the door and struck Hopf. He suffered a cut over his right eye, a cut lip, and a fractured wrist. Hopf was forced to lie down on the floor face down, his hands were tied behind his back with an electric cord, and a nylon stocking was stuffed in his mouth. Hopf's wife and daughter were also forced to lie down on the floor and were tied up. The intruders ransacked the house and took cash, jewelry, guns, and silver. One of them told Dexter Hopf that if he wanted something to cry about, "I'll shoot your daughter." They also threatened to shoot the Hopfs in the leg and in the head.

Hopf and his daughter testified at trial and identified Robinson as one of the intruders. Hopf's wife, Eunice, died before trial. Robinson was convicted of aggravated robbery in violation of Minn.Stat. §§ 609.245, 609.05, 609.11; burglary in violation of Minn.Stat. §§ 609.58, subd. 2(1)(b), 609.05, 609.11; and second-degree assault in violation of Minn.Stat. §§ 609.222, 609.-05, 609.11. Robinson was sentenced to an executed prison term of 108 months for aggravated robbery to be served concurrently with 108 months for burglary. Both sentences represented a double durational departure of the 54-month mandatory minimum sentence for using a firearm in the commission of the offense. No sentence was imposed for the assault conviction.

## ISSUES

1. Was the evidence sufficient to convict appellant?

2. Did the trial court abuse its discretion in admitting *Spreigl* incidents?

3. Did a trial court evidentiary ruling deny appellant his right of confrontation?

4. Is appellant entitled to a reduction of his sentence as a result of changes in the sentencing guidelines?

## ANALYSIS

We note initially that Robinson did not appeal but instead filed a petition for postconviction relief approximately 18

months after he was sentenced. A person "who deliberately or inexcusably withholds presentation of [a claim for postconviction relief] until occurrence of an event that he or she believes prevents successful reprosecution or correction of the vitiating error commits an abuse of process. Abuse of process ought to be an affirmative defense to be specifically pleaded and proved by the state. An applicant who commits an abuse of process may be denied relief." *Kost v. State,* 356 N.W.2d 680, 682 n. 1 (Minn.1984) (quoting IV A.B.A. Standards of Criminal Justice, Postconviction Remedies 22–2.4 (1980)). *See also Wensman v. State,* 342 N.W.2d 150, 151 (Minn.1984). The obvious rationale behind this rule is that defendants who commit crimes against elderly people or others who may have memory difficulties should not be allowed to wait until the witnesses become unavailable or their memories have faded to the point that they are ineffective witnesses.

### I

■ Robinson's claim that the evidence was insufficient is without merit. As the postconviction court noted:

> Two victims positively identified petitioner in Court and in a photo lineup. Petitioner also fit the general description they gave the police.
>
> Petitioner's alibi evidence was contradicted by the State's evidence. The alibi evidence contained some contradictions by itself, and the jury was free to disbelieve the alibi evidence if it chose to do so.

### II

The trial court admitted *Spreigl* evidence of 1980 crimes committed in a similar manner. Robinson was convicted of aggravated robbery after he and two companions pounded on the door of an Edina residence at 3:30 a.m. and eventually forced their way into the home. The person who answered the door was tied up with electrical cord, threatened with death and castration, struck in the head, and kicked in the face and body. Shortly thereafter, Robinson as-

saulted another man in the front yard of a residence about two blocks away and attempted to force his way into that home with his foot and arm in the door. The second assault was not charged.

■ Robinson does not question the admission of the facts surrounding the aggravated robbery but argues the evidence of the uncharged assault was cumulative and prejudicial. We agree with the postconviction court that the evidence of the prior assault was properly received because Robinson's identity in the earlier incident was clear and convincing, and his identity in this case was contested and the evidence was not conclusive. *See State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967).

### III

Robinson claims he was denied his right of confrontation because of an evidentiary ruling by the trial court. Defense counsel had sought to ask a police officer on cross-examination whether he was in the habit of referring to all criminal suspects as "assholes" because defense counsel had obtained in discovery a memorandum from the officer to the prosecutor that said, "How about charging this asshole with kidnapping as well as burglary and robbery?" Defense counsel argued that this statement showed bias which affected the officer's credibility. The trial court indicated that this matter could be inquired into but said the prosecutor would be permitted to show the extent of the bias and foundation for it, i.e., demonstrate why the officer was biased. Defense counsel decided not to inquire about any alleged bias of the officer.

■ We do not believe the trial court's ruling limited or denied Robinson's right of confrontation. The ruling did not allow a general character attack on Robinson and was well within the trial court's discretion. *See State v. Barbo,* 339 N.W.2d 905, 906 (Minn.1983).

### IV

Robinson contends his sentence should be reduced. The trial court imposed two

concurrent 54-month sentences for aggravated robbery and burglary and then doubled the 54-month mandatory minimum term to 108 months. As a result of 1983 legislation, the mandatory minimum sentence was retroactively reduced to 36 months. The original sentence may be maintained, of course, if a departure is justified. *See Williams v. State*, 361 N.W.2d 840 (Minn.1985).

 Robinson is not contending that a double durational departure was not justified by substantial and compelling reasons. Robinson contends only that his sentence must be reduced from 108 to 72 months because there is nothing in the record which would justify more than a double durational departure in the case. We agree that this case does not involve unusually compelling circumstances which would justify more than a double departure from the presumptive sentence. *See State v. Evans*, 311 N.W.2d 481 (Minn.1981).

No reasons were given to justify maintaining the 108-month sentence by either the trial court or the postconviction court. On the authority of *Williams v. State*, 361 N.W.2d 840 (Minn.1985), decided since the submission of this case, we apply the 1983 sentencing guidelines amendments retroactively and reduce Robinson's sentence to 72 months.

### DECISION

Appellant's conviction for aggravated robbery, burglary and second-degree assault is affirmed in all respects. Appellant's sentence is reduced to 72 months.

Affirmed as modified.