Clark Albert BAILEY,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C8–87–805.

Court of Appeals of Minnesota.

Oct. 27, 1987.
Review Denied Dec. 22, 1987.

C. Paul Jones, Public Defender, Lawrence Hammerling, Asst. Public Defender, LAMP Legal Asst. Minnesota Prisoner, Minneapolis, for petitioner-appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.,* with oral argument waived.

## OPINION

NORTON, Judge.

Appellant Clark Albert Bailey challenges the trial court's dismissal, without an evidentiary hearing, of his petition for post-conviction relief. The trial court determined that appellant committed an abuse of process by inexcusably delaying his petition for over nine years since his conviction and sentencing. We reverse and remand for an evidentiary hearing.

* Acting as judge of the Court of Appeals by ap-

## FACTS

In May 1977, after pleading guilty to charges of first degree criminal sexual conduct and kidnapping, appellant Clark Albert Bailey was sentenced to consecutive indeterminate terms of 0–20 years and 0–40 years. Execution was stayed pending completion of psychological evaluations, and in July 1977 the probate court ordered appellant committed to the Minnesota Security Hospital (MSH) as a psychopathic personality. The probate court specifically found appellant was not mentally ill within the meaning of the Minnesota statutes. Appellant was transferred out of the MSH in 1981, and since that time has been incarcerated at the state prison at Stillwater.

In January 1982, appellant filed a post-conviction resentencing petition, but the petition was dismissed without prejudice by stipulation of the parties. In July 1986, appellant filed a pro se post-conviction petition, followed in October 1986 by an amended petition, filed after he obtained legal representation. In response to the petition, the state asserted the affirmative defense of abuse of process.

The post-conviction court scheduled a hearing on the petition in March 1987. However, after hearing arguments by counsel, the court dismissed the petition without taking any evidence, finding that appellant "allege[d] no colorable claim of innocence, demonstrate[d] no significant miscarriage of justice or allege[d] any undue hardship by [appellant] which would have made him unable to present these claims at an earlier date." The court further found:

By inexcusably delaying over nine years since conviction and sentence before presenting the allegations * * *, [appellant] has waited until the occurrence of an event which he believes will prevent successful reprosecution. The event is the loss of memory of the State's witnesses after a ten year period and the difficulty by the State in ascertaining the whereabouts or availability of its witnesses.

pointment pursuant to Minn. Const. art. 6, § 2.

The court concluded: "Accordingly, the Court finds the state has proven its affirmative defense of abuse of process by Petitioner, pursuant to *Kost v. State,* 356 N.W. 2d 680 (Minn.1984) and *Robinson v. State,* 366 N.W.2d 306 (Minn.Ct.App.1985)." Bailey appeals.

## ISSUE

Did the post-conviction court err in dismissing appellant's petition without an evidentiary hearing?

## ANALYSIS

In post-conviction proceedings, the burden is on the petitioner "to establish the facts by a fair preponderance of the evidence." Minn.Stat. § 590.04, subd. 3 (1986). The scope of review is limited "to the question of whether there is sufficient evidence to sustain the findings of the post-conviction court." *Brown v. State,* 286 Minn. 472, 474, 176 N.W.2d 605, 606 (1970).

In determining whether relief should be granted, the post-conviction court "shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto." Minn.Stat. § 590.04, subd. 1 (1986). The court has discretion to "receive evidence in the form of affidavit, deposition, or oral testimony." *Id.,* subd. 3. *No* hearing is required, however, if "the petition and the files and records of the proceeding *conclusively show* that the petitioner is entitled to no relief." *Id.,* subd. 1 (emphasis added).

Soon after the post-conviction remedy statute was enacted, the Minnesota Supreme Court held that a plenary evidentiary hearing is required "whenever material facts are in dispute which have not been resolved in the proceedings resulting in conviction and which must be resolved in order to determine the issues raised on the merits. In all other cases, the holding of a hearing is in the discretion of the trial court." *State ex rel. Roy v. Tahash,* 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967). In addition, the supreme court urged "that any doubts as to whether to hold an eviden-

tiary hearing and to try the facts anew should be resolved in favor of either party's request therefor." *Id.*

*Tahash* also discussed those circumstances in which a hearing "would appear neither necessary nor desirable." *Id.* The court observed that a literal reading of the post-conviction statute may indicate that a hearing is required on all petitions "not dismissible on the pleadings." *Id.* However, the court rejected that literal reading, and instead stated that under three circumstances the court could make its determination on the basis of the parties' oral argument or written brief.

Thus, no plenary evidentiary hearing is necessary where:

> (1) the petitioner and the state agree and stipulate to the material facts, or (2) where the petition and the responsive pleading * * * clearly raise no factual dispute and the issues present only questions of law, or (3) where any disputed facts essential to a determination of petitioner's claims on the merits have, after a full and fair hearing, been reliably found by the sentencing court.

*Id.* at 244–45, 152 N.W.2d at 305–06. Here, the trial court scheduled a hearing, but dismissed the petition without taking any evidence, based on the parties' oral argument.

Appellant claims his petition alleged "facts which, if proved, would entitle [him] to relief." *Id.* at 245, 152 N.W.2d at 306. The facts alleged by appellant include his claim that his consecutive sentences of 0–20 years and 0–40 years violate the 40–year maximum sentence established by statute. *See* Minn.Stat. § 609.15, subd. 2 (1986). Appellant also alleges the sentences violate the statute on kidnapping and the statute prohibiting multiple sentencing when two or more offenses were committed during a single course of conduct with a single criminal objective. *See* Minn.Stat. § 609.25, subd. 2(1) (1986) (sentence for kidnapping limited to 20 years if victim is released in a safe place without great bodily harm); Minn.Stat. § 609.035 (1986) (multiple sentencing prohibited if a person's conduct constitutes more than one

offense). Finally, appellant alleges he was denied effective assistance of counsel because the consecutive sentences violated the plea agreement, and because he was misinformed by counsel as to the maximum sentence he could receive, the availability of an intoxication defense, the availability of an insanity defense, and the question of competency to stand trial.

### Statutory Violations

■ The statute on maximum sentences provides:

If the court specifies that the sentence shall run consecutively, the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed forty years.

Minn.Stat. § 609.15, subd. 2 (1986). At the sentencing hearing, the trial court stated:

It will be the further order of this Court that these sentences will be served consecutively. The Court has well in mind the provisions of 609.15, subd. 2, when it comes to multiple sentences, where it states: "If the Court specifies that the sentence shall run consecutively, the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed forty years." The Court is well aware of that, but the Court is going to leave that up to the Commissioner of Corrections to make a determination as to when this person should be released. But these sentences are to be consecutive, as far as this court is concerned. The Court is imposing this sentence because the Court believes that this defendant requires a sentence for the safety of the public.

Respondent defends the trial court's approach on the grounds that the court perhaps found its duty reprehensible because of the brutality appellant exhibited in the commission of the crimes. The state further argues that the Commissioner of Corrections has the authority to correct the sentence, and points out that it has already done so, in that appellant's target release date is set at 27 years from the date of sentencing. However, the issue is not whether the Commissioner of Corrections has the authority to enforce the law that the trial court chose to ignore, or whether the Commissioner will properly enforce the statute. Respondent has not shown any basis upon which to affirm the trial court's original error in exceeding the statutory maximum sentence.

■ Appellant's other claims of statutory violations, however, fail as a matter of law. Appellant's kidnapping victim was not released in a safe place; thus, the 20–year maximum is inapplicable. *See* Minn.Stat. § 609.25, subds. 2(1) and 2(2) (1986) (unless victim is released in a safe place without great bodily harm, kidnapping defendant may be sentenced to up to 40 years). Nor is the prohibition against multiple sentencing applicable; multiple sentencing is permitted because there were two victims. *See State v. Wallace,* 327 N.W.2d 85, 87 (Minn.1982).

### Ineffective Assistance of Counsel

Determination of appellant's statutory claims does not require an evidentiary hearing. *See Tahash,* 277 Minn. at 245, 152 N.W.2d at 306, 307 (no hearing necessary when issues present only questions of law). Appellant's allegations of ineffective assistance of counsel, however, require further consideration.

In dismissing the petition, the trial court stated that appellant committed an abuse of process because he "waited until the occurrence of an event which he believes will prevent successful reprosecution" of the crimes. The court found that the event is "the loss of the State's witnesses after a ten year period and the difficulty by the State in ascertaining the whereabouts or availability of its witnesses."

Appellant's attorney noted, however, that the public defender who originally handled the case was present and available to testify, and that the young man who was the victim in the kidnapping offense was also available. Furthermore, both doctors who evaluated appellant's mental health were available to testify. The state's only response to these facts was that "the event is simply the passage of time."

The present record is insufficient to sustain the dismissal of the petition, without an evidentiary hearing, on the grounds that appellant's delay constitutes an abuse of process. Delay in asserting the right to post-conviction relief is only one factor to be considered in determining whether to grant a petition. *See Jones v. State*, 288 Minn. 527, 529, 179 N.W.2d 315, 317 (1970). This factor must be balanced against case law favoring a hearing upon the request of either party, and against the statutory requirement for a hearing unless the existing record "conclusively shows" that an appellant is entitled to no relief. *See Tahash*, 277 Minn. at 244, 152 N.W.2d at 305; Minn.Stat. § 590.04, subd. 1 (1986).

The supreme court has affirmed orders denying post-conviction relief where many years elapsed before the petitioner asserted the right to relief. *See, e.g., Houghton v. State*, 296 Minn. 494, 207 N.W.2d 63 (1973) (it was proper for the trial court to deny relief where over 46 years elapsed before petitioner asserted his rights); *Gaulke v. State*, 296 Minn. 487, 206 N.W.2d 652 (1973) (court properly denied relief on the ground that petitioner, who knew about the allegedly newly discovered evidence for 25 years, did not act with due diligence in seeking relief). In those cases, however, the need for a hearing before dismissal was not at issue.

Respondent has cited only one case in which the denial of relief without a hearing was upheld, and in that case the petitioner failed to raise the issue until the conclusion of a *second* post-conviction hearing on other issues. *Kost v. State*, 356 N.W.2d 680, 682–83 (Minn.1984). Furthermore, because the defendant's attorney in *Kost* was experienced, had represented him for several years, and gave no explanation for failing to raise the issue earlier, the supreme court held that nothing in the record established the "slightest likelihood" that defendant would prevail on his claims of ineffective assistance of counsel. *Id.*

By its very nature, evidence of ineffective assistance of counsel may not necessarily appear on the face of the record of the conviction proceedings. In another case involving such allegations, the supreme court reversed a denial of relief without a hearing, saying that in post-conviction proceedings, the "petitioner is free to show, if he can, that even though the record made at the time he entered the guilty pleas was adequate to support the pleas, the pleas in fact were made involuntarily and without knowledge of the law or consequences." *Krominga v. State*, 311 N.W.2d 858, 859–60 (Minn.1981).

Here, because at least one of the doctors who evaluated appellant's mental health in 1977 believed that he was suffering from some form of mental illness, the record establishes that appellant has at least the "slightest likelihood" of success on his claims regarding his attorney's handling of the mental illness defense and of appellant's competency to stand trial. *See Kost*, 356 N.W.2d at 683. Dismissal without an evidentiary hearing deprived appellant of the opportunity to present his claims and rebut the state's allegations of abuse of process.

In sum, we conclude that a full and fair determination of appellant's plea for post-conviction relief requires an evidentiary hearing that includes, at a minimum, testimony from appellant and his trial attorney. The case must be remanded with directions to proceed with an evidentiary hearing on appellant's claims of ineffective assistance of counsel.

Appellant has personally asserted several claims in a pro se supplemental brief, which we have received and considered. In light of our disposition of the case, we need not address the merits of the issues raised therein.

**DECISION**

The trial court erred in sentencing appellant to a total of 60 years, and the post-conviction court is ordered to resentence appellant in conformance with the 40–year statutory maximum sentence. Appellant's other statutory claims fail as a matter of law. The post-conviction court erred in dismissing appellant's petition without an evidentiary hearing, and the case is remanded for a hearing on the issue of whether appellant

was denied a fair trial due to ineffective assistance of counsel.

Reversed and remanded.

MULALLY, J., concurs in part, dissents in part.

MULALLY, Judge (concurring in part and dissenting in part).

I respectfully dissent in part and concur in part.

On April 14, 1977, petitioner pleaded guilty to kidnapping and criminal sexual conduct in the first degree. He was sentenced on May 18, 1977 to consecutive indeterminate terms of 0–20 and 0–40 years.

A petition for post-conviction relief was filed July 24, 1986, an amended petition for post-conviction relief was filed October 21, 1986, and both petitions were heard on March 6, 1987.

In his amended petition appellant alleged the sentence imposed was contrary to law, and at the time of entering the guilty pleas he was denied effective assistance of counsel.

The trial court heard arguments on the state's affirmative defense of abuse of process. The court found that the petition and amended petition for post-conviction relief alleged no colorable claim of innocence, demonstrated no significant miscarriage of justice or alleged any undue hardship by petitioner which would have prevented him from presenting these claims at an earlier date.

That by inexcusably delaying over nine years since conviction and sentence before presenting the allegation in the petition and amended petition for post-conviction relief, petitioner had waited until the occurrence of an event which he believed would prevent successful reprosecution. The event is the loss of memory of the state's witnesses after a ten year period and the difficulty by the state in ascertaining the whereabouts or availability of its witnesses.

The court found the state had proven its affirmative defense of abuse of process by petitioner, pursuant to *Kost v. State*, 356 N.W.2d 680 (Minn.1984) and *Robinson v. State*, 366 N.W.2d 306 (Minn.Ct.App.1985), and dismissed the petition and amended petition without further evidentiary hearing.

As the trial court points out, there was no justification for the delay in bringing this matter before the court. Appellant was not unaware of the judicial process. Over the past nine years he has filed a total of 10 legal proceedings in state and federal courts seeking various forms of relief. Except for that which was filed in January, 1982, but withdrawn by appellant prior to hearing, none was a petition for post-conviction relief.

The trial court was correct in finding that the state had proved that appellant deliberately and inexcusably withheld the filing of a petition for post-conviction relief until he believed that by lapse of time his successful reprosecution might be prevented.

In addition, here as in *Kost*, the existing record conclusively shows that there is not the slightest likelihood that appellant would prevail on his claim of ineffective assistance of counsel. *See Kost*, 356 N.W. 2d at 682–83. The claim is clearly refuted by the transcript of appellant's guilty plea proceeding. Appellant committed an abuse of process, the trial court was not required to proceed further and, except as to modification of sentence, appellant is not entitled to relief.

As a matter of law, appellant's sentence was incorrect in that it exceeds 40 years, and it must be reduced to a maximum term of 40 years.