Clark A. **BAILEY**, Appellant,

v.

**STATE OF MINNESOTA**, Appellee.

No. 91–2761.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided June 4, 1992.

Rehearing Denied July 14, 1992.

Douglas Peine of St. Paul, Minn., argued, for appellant.

Michael Richardson, Minneapolis, Minn., argued, for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Clark A. Bailey, a Minnesota prisoner, appeals from the district court's [1] denial of his application for writ of habeas corpus. We affirm.

In 1977, Bailey pled guilty to one count of kidnapping and one count of criminal sexual conduct in the first degree. Bailey's plea agreement provided:

That you are to plead guilty to Kidnapping and the matter of sentencing is entirely up to the Court, which sentence could be zero to forty years and/or a $40,000 fine, and you are to plead guilty to Criminal Sexual Conduct in the 1st Degree, which carries that sentence of one year and one day up to twenty years, and that sentence is entirely up to the Court, but with the understanding that the other counts in this matter will be dismissed, and the other counts, as I understand it, were two counts of Sodomy and also one count of Aggravated Assault.

Transcript of change of plea, April 14, 1977, at 11.

The court sentenced Bailey to 40 years on the kidnapping charge and 20 years on the sexual conduct charge and ordered that the sentences be served consecutively.[2] The court acknowledged Minn.Stat. § 609.-15(2), which provides that "[i]f the court specifies that the sentence shall run consecutively, the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed forty years," but reasoned that the Commissioner of Corrections could determine when Bailey would be released and that "this defendant requires a sentence for the safety of the public." Transcript of sentencing, held May 18, 1977, at 6. Bailey made no contemporaneous objection to the imposition of consecutive sentences and did not directly appeal his sentences.

In Bailey's post-conviction action, the Court of Appeals of Minnesota found that the sentences imposed violated § 609.15(2) and remanded to the post-conviction court to "resentence appellant in conformance with the 40–year statutory maximum. sentence." *Bailey v. State*, 414 N.W.2d 503, 506, 507 (Minn.Ct.App.1987). The post-conviction court imposed two consecutive 20–year terms.

Bailey appealed the imposition of the two consecutive 20–year terms. In an unpublished decision, the Court of Appeals of Minnesota found that the plea agreement

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota.

2. We also note that Bailey received a concurrent 40–year sentence in the Iowa state courts for murder.

did not require concurrent sentences and that while the initial sentencing court effectively sentenced Bailey to 60 years, that error has been corrected. *Bailey v. State,* No. C4–89–546, 1989 WL 80610 (Ct.App. Minn. July 25, 1989), *review denied,* (Minn. Sept. 5, 1989).

Bailey first argues that by sentencing him to a total of 60 years the initial sentencing court rejected the plea agreement and he is thus entitled to withdraw his guilty pleas. The sentencing court recognized the terms of the plea agreement and the provisions of § 609.15(2) but, in the words of the Court of Appeals of Minnesota, "chose to ignore" § 609.15(2). *Bailey,* 414 N.W.2d at 506.

 The district court found that since Bailey is now serving a total of 40 years he has obtained specific performance of the agreement and is entitled to no more. *See Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Bailey argues that, while specific performance may be a proper remedy when the state breaches a plea agreement, rejection of a plea agreement by the court gives a defendant an absolute right to withdraw his guilty plea. Bailey cites *United States v. McGovern,* 822 F.2d 739 (8th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987), and *Lindner v. Wyrick,* 644 F.2d 724 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981), for that proposition. We find no language in either case giving Bailey an absolute right to withdraw his plea.

 "There is no constitutional requirement, therefore, that a trial court permit a defendant to withdraw a guilty plea where that court decides after the hearing not to accept a recommendation for sentencing." *Lindner,* 644 F.2d at 728. "Where a defendant is aware that his plea is not in exchange for a particular sentence but hopes that the court will follow the recommendation, he is not misled so as to undermine the voluntariness of the plea." *Id.* When a plea agreement is broken through no fault of the parties, the remedies available to the court are specific performance and withdrawal of the plea. *See United*

*States v. Walker,* 927 F.2d 389, 391 (8th Cir.1991); *McGovern,* 822 F.2d at 746. In considering whether to grant specific performance, the court must consider the prejudice to the defendant, the conduct of the government, and the public interest. *Walker,* 927 F.2d at 391; *McGovern,* 822 F.2d at 746. The plea agreement does not require concurrent sentences. Because the plea agreement provides that the "matter of sentencing is entirely up to the Court" and does not purport to restrict the court's discretion to sentence up to the maximum on each count, there is no basis for permitting Bailey to withdraw his pleas. Further, there is no prejudice to Bailey. Although the original sentencing court violated Minnesota law, that error has been corrected. Bailey has been sentenced fully in accordance with his interpretation that the plea agreement only permits a total sentence of 40 years. The prosecutor complied with his obligations under the plea agreement.

 Bailey also argues that the plea agreement fails for lack of consideration since the maximum sentence was imposed. The district court found, *inter alia,* that there was consideration in the dismissal of the other three counts. We agree. The dismissed counts could have been used to delay his parole eligibility date. *See* Parole Decision Making Guidelines of the Minnesota Corrections Board at 7–104.5(a) ("The Board may consider the additional committing offenses as aggravating factors and may adjust upwards the target release date."). Bailey received something of value for his plea. Further, the plea agreement does not explicitly require that Bailey be given the maximum sentences on each count.

Accordingly, we affirm.