IVORY WILLIE JONES v. STATE.

179 N. W. (2d) 315.

August 28, 1970—No. 41815.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Assistant State Public Defender, for appellant.

Douglas M. Head, Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and William P. Murphy, Otis, Rogosheske, and James F. Murphy, JJ.

Per Curiam.

Appellant was charged with first-degree robbery and on April 4, 1952, appeared with the public defender as counsel in the district court and entered a plea of not guilty. On April 10, 1952, he changed his plea to guilty.

After a presentence investigation, appellant appeared for sentence and asked the court for an explanation of the charge. The judge then read the statute regarding first-degree robbery. Appellant stood mute and was sentenced to a term of 5 to 40 years.

On October 17, 1968, appellant filed a petition for postconviction relief, and on December 13, 1968, a hearing was held. The only evidence

was appellant's testimony. He testified that he was under a misapprehension of the charge against him. Relief was denied and defendant appeals.

The only issue is whether appellant proved by a fair preponderance of the evidence that at the time of his plea he was under a mistaken apprehension of the charge against him.

Appellant argues that his testimony establishes that at the time of the trial he had a fourth-grade education; that he believed that the lower the numerical degree of the offense, the lesser the charge; that the public defender never explained the charge to him; that he did not understand it and asked for an explanation at the time of sentencing; that the reading of the statute could not clarify the charge to a man of his intelligence who was unfamiliar with the court system; that his attorney was primarily concerned with the defense of a codefendant and that, on being questioned, he led appellant to believe he had been charged with the lesser offense.

The state contends that the passage of time raises a presumption of regularity and that it is impossible to believe appellant's contentions because they are inherently inconsistent and unlikely.

The postconviction court found the following:

(1) The public defender had visited petitioner in his cell and discussed the merits of his case.

(2) On April 4, 1952, petitioner entered a plea of not guilty after conferring with the public defender on several occasions.

(3) Petitioner, after initially pleading not guilty, changed his plea to guilty.

(4) The statute with which petitioner was being charged was read to him.

(5) Petitioner did not suffer from subnormal intelligence and understanding.

(6) Petitioner failed to prove by a fair preponderance of the evidence that he did not know the elements of first-degree robbery.

We agree with these findings.

In Chapman v. State, 282 Minn. 13, 16, 162 N. W. (2d) 698, 700, we considered the problem of when a guilty plea in a conviction may be withdrawn and a new trial allowed. There we said:

"The purposes of the criminal law are not served if defendants are permitted to plead guilty to offenses of which they are not in fact guilty. But once the plea is accepted and a judgment of conviction is entered upon it, the general policy, favoring the finality of judgments applies to some extent, at least, in criminal as well as in civil cases. The

tender and acceptance of a plea of guilty is and must be a most solemn commitment. While the state has no reason to imprison a man for a crime which he did not commit, '[w]e are not disposed to encourage accused persons to "play games" with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial' by setting aside judgments of conviction based upon pleas made with deliberation and accepted by the court with caution."

A petition to withdraw a plea of guilty is nevertheless addressed to the sound discretion of the court and should be freely granted whenever it is necessary to correct a "manifest injustice." Chapman v. State, *supra*.

The burden of proof in postconviction proceedings is upon the petitioner. Minn. St. 590.04(3). Here the only evidence in support of petitioner's position is bald assertions which are inconclusive. State ex rel. Adams v. Tahash, 276 Minn. 545, 148 N. W. (2d) 562; Cable v. State, 284 Minn. 89, 169 N. W. (2d) 391. A conviction carries a presumption of regularity (State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. [2d] 228), and in the absence of substantial evidence to the contrary, it is assumed the public defender explained to a defendant all his legal rights and the implications of a conviction. State ex rel. Adams v. Tahash, *supra*.

These factors militate against petitioner's position. Furthermore, it took petitioner 16 years to complain. Delay in seeking relief is a relevant consideration. Chapman v. State, *supra*. It should not have taken appellant 16 years to discover that he had pled guilty to the wrong charge, however limited his education.

A careful review of the record in this case does not suggest a manifest injustice. Rather, it indicates that petitioner was represented by able counsel whom he saw a number of times during the case; that he originally pled not guilty but changed his plea to guilty; that he is not of subnormal intelligence; and that the judge read to him the statute under which he was charged. Although his guilty plea was accepted in a somewhat cursory manner (Chapman v. State, *supra;* Langer v. State, 287 Minn. 320, 178 N. W. [2d] 628), it was consistent with the practice in 1952 and does not require a reversal.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.