STATE of Minnesota, Respondent,

v.

David Wayne GARRITSEN, Appellant.

No. C6–85–40.

Court of Appeals of Minnesota.

July 23, 1985.

---

**2.** *See* footnote 1.

crime and was sentenced to an indeterminate term of 10 years.

After his release from prison, Garritsen was convicted of two rapes in South Dakota. He was sentenced as a habitual offender to two concurrent life sentences; the sentence was based in part on his Minnesota conviction for aggravated assault.

On August 21, 1984, Garritsen filed a petition for post-conviction relief in Lincoln County District Court. He requested permission to withdraw his guilty plea and vacation of the aggravated assault conviction claiming he was denied effective assistance of counsel. The postconviction court denied the petition.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Michael W. Cable, Lincoln Co. Atty., Ivanhoe, for respondent.

Cecil E. Naatz, Marshall, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On April 2, 1975, Garritsen and an accomplice burglarized the Tyler Food Market in Tyler, Minnesota. During the burglary, they struck the police chief in the head with a crowbar and shot him in the legs. About a year later, Garritsen turned himself in after being charged with several federal offenses. He gave a written statement confessing to the 1975 aggravated assault and signed a petition to plead guilty. The trial court questioned Garritsen about his rights. Garritsen acknowledged talking with his attorney and said he felt adequately informed. Garritsen understood he could be imprisoned for 10 years and that the sentence would be concurrent with any pending charges in other jurisdictions. Garritsen admitted committing the

### DECISION

A criminal defendant is permitted to withdraw a guilty plea following sentencing only upon proving "to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Rule 15.05, subd. 1, Minn.R.Crim.P. The decision whether to permit a plea of guilty to be withdrawn is addressed to the sound discretion of the trial court. *Chapman v. State*, 282 Minn. 13, 162 N.W.2d 698 (1968). Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *State v. Jacobs*, 292 Minn. 41, 192 N.W.2d 816 (1971).

The burden is on the petitioner at a post-conviction proceeding to prove by a preponderance of the evidence the facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1983); *Hanson v. State*, 344 N.W.2d 420, 423 (Minn.Ct.App.1984). The scope of our review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the post-conviction court. *Hanson; State v. Doughman*, 340 N.W.2d 348 (Minn.Ct.App.1983); *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979).

*Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev.denied*, (Minn. Oct. 16, 1984).

Garritsen's claim is based on his testimony at the post-conviction hearing, which directly contradicted his sworn testimony *eight years* earlier when he pleaded guilty. Under these circumstances, we doubt the validity of Garritsen's current claim he is innocent and pleaded guilty to get the thing over with. *Doughman*, 351 N.W.2d at 675; *see Jones v. State*, 288 Minn. 527, 529, 179 N.W.2d 315, 317 (1970). Since trial counsel was not called as a witness, the post-conviction court and this court lack the benefit of all the facts regarding defense counsel's actions.

■ A guilty plea made intelligently and knowingly will not be invalidated simply because a defendant is not informed that if he commits additional crimes in another jurisdiction, that jurisdiction may sentence him as a habitual offender. The ramifications of a plea on a future sentence in another jurisdiction cannot be predicted.

■ Garritsen failed to show counsel failed to exercise the customary skills and diligence a reasonably competent attorney would exercise under similar circumstances. *White v. State*, 309 Minn. 476, 480, 248 N.W.2d 281, 285 (1976); *see Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *State v. Spencer*, 366 N.W.2d 656, 661 (Minn.Ct. App.1985).

Affirmed.