**Michael Jerome SCALES, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. CX–00–1001.**

Supreme Court of Minnesota.

Jan. 11, 2001.

J. Anthony Torres, Richfield, MN, for appellant.

Michael A. Hatch, Minnesota Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

### RUSSELL A. ANDERSON, Justice.

We consider whether the postconviction court erred in denying a petition for postconviction relief brought only on a due process issue previously raised on direct appeal. We affirm the decision of the postconviction court denying the petition without evidentiary hearing.

In 1993, petitioner was convicted and sentenced to life in prison for the murder of his girlfriend's mother. On direct appeal, we affirmed the conviction; the facts of the case are recited in our opinion. *See State v. Scales*, 518 N.W.2d 587 (Minn. 1994). Petitioner claimed on direct appeal, and now again by petition for postconviction relief, that his due process rights were violated when police failed to record his custodial interrogation.

In our decision on direct appeal, we observed that the U.S. Supreme Court had not directly addressed whether the federal constitution requires that custodial interrogations be recorded, but that we were not precluded from finding a recording requirement under the Minnesota Constitution. *See Scales*, 518 N.W.2d at 592. We declined, however, to decide the due process issue and instead, in the exercise of our supervisory power, established a prospective rule requiring that custodial interrogation be electronically recorded where feasible and mandating recording at places of detention. *See id.*

We further held that statements made at an unrecorded interrogation may be suppressed, leaving application of the exclusionary rule for case-by-case development. *See id.* We nonetheless affirmed petitioner's conviction, determining that even if the due process right existed and the district court suppressed petitioner's unrecorded statements, the remaining evidence against him was strong and the result would have been the same. *See id.* at 593.

Nearly six years after our decision on direct appeal, petitioner filed the petition for postconviction relief that is the subject of this appeal. He again claims that failure to record his interrogation violated his due process rights. The postconviction court denied the petition without evidentiary hearing, concluding that petitioner raised the identical issue on direct appeal and in a prior postconviction petition that was dismissed with prejudice.[1]

We review decisions of a postconviction court for abuse of discretion. *See Gassler v. State*, 590 N.W.2d 769, 771 (Minn.1999). A postconviction court may dismiss a petition for relief without evidentiary hearing if the petition, files and rec-

---

1. A postconviction court may summarily deny a second petition for similar relief on behalf of the same petitioner. *See* Minn.Stat. § 590.04, subd. 3 (2000). In his first petition for postconviction relief, petitioner sought leave to brief the constitutional issue of whether custodial interrogations must be recorded. After the postconviction court denied the request, petitioner sought to withdraw the petition. The court informed petitioner that he could withdraw the petition, but that if he did so, the petition would be dismissed with prejudice. After not hearing from petitioner as to whether he wished to proceed, the court denied petitioner's motion to withdraw and dismissed the petition with prejudice. We do not base our decision on petitioner having raised the same issue in his first petition for postconviction relief.

ords "conclusively show that the petitioner is entitled to no relief * * *." Minn.Stat. § 590.04, subd. 1 (2000). Once direct appeal has been taken, all matters raised in the appeal or claims that were known but not raised will not be considered in a subsequent petition for postconviction relief. *See State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

■ The issue petitioner raises by petition is identical to the issue that he raised in his direct appeal. Petitioner identifies no new legal authority indicating that failure to record a custodial interrogation violates due process and cites no legal standards different than those applicable in his direct appeal. He nonetheless argues that important evidence concerning his right to remain silent and his right to consult with an attorney would have been preserved if his interrogation had been recorded, yet he fails to identify any such evidence that would support his claim. Petitioner also argues that an evidentiary hearing was required because material facts were in dispute regarding statements made during the unrecorded interrogation. Again, petitioner fails to identify any disputed material facts or even the statements to which he refers. The petition, files and records offer no new legal or factual basis for relief.

■ Petitioner argues that under *Knaffla*, relief is not barred because this court did not decide whether due process was violated by an unrecorded custodial interrogation. *Knaffla* requires only that the issue be raised, however, not that the issue be determinative for the court. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

In addition to denying a postconviction petition for raising a previously raised issue, a postconviction court may summarily deny a petition when the petition raises an issue that an appellate court previously decided. *See* Minn.Stat. § 590.04, subd. 3. In petitioner's direct appeal, this court did not answer whether the Due Process Clause of the Minnesota Constitution required a recorded interrogation. *See*

*Scales*, 518 N.W.2d at 592. However, the court did adjudicate as to petitioner whether a due process right, assuming it existed, entitled him to any relief. *See id.* at 593. We affirmed petitioner's conviction on direct appeal because even if the due process right existed and the court suppressed petitioner's unrecorded statement, the remaining evidence against petitioner was strong and the result would have been the same. *See id.; see also State v. Juarez*, 572 N.W.2d 286, 292 (Minn.1997) (holding that a claimed constitutional error is harmless beyond a reasonable doubt where verdict was "surely unattributable" to the error) (quoting *State v. Jones*, 556 N.W.2d 903, 910 (Minn.1996)). Thus, the issue raised in the petition has been adjudicated as to petitioner by an appellate court.

We conclude that the postconviction court did not abuse its discretion by denying without evidentiary hearing a petition for postconviction relief where the petition was based solely upon a due process issue raised on direct appeal, the court determined on direct appeal that the conviction would be affirmed even if the due process issue had been decided favorably to petitioner and petitioner provided no new legal theory or factual support for his petition.

Affirmed.