STATE of Minnesota, Respondent,

v.

Jerad Blake CHRISTOPHERSON,
Appellant.

No. C1–01–1561.

Court of Appeals of Minnesota.

May 28, 2002.

Mike Hatch, Attorney General, St. Paul, and Stephen N. Betcher, Goodhue County Attorney, Erin L.K. Schmickle, Assistant County Attorney, Red Wing, for respondent.

John M. Stuart, State Public Defender, Charles F. Clippert, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and PORITSKY, Judge.

## OPINION

PORITSKY, Judge.*

Jerad Blake Christopherson appeals from an order denying his postconviction petition to withdraw his guilty plea to second-degree criminal sexual conduct, contending that the district court should not have imposed a five-year conditional-release term to his executed sentence after his probation was revoked. Christopherson argues that because the five-year conditional-release term was never mentioned as part of his stayed sentence during his original plea hearing, the addition of that term when his sentence was later executed renders his original plea invalid in that it was not accurate, voluntary, and intelligent. Christopherson also argues that the addition of the conditional-release term violates the terms of his plea agreement. Because the imposition of Christopherson's sentence was stayed at the original plea hearing, however, he did not need to be made aware of the conditional-release term in order to enter an accurate, voluntary, and intelligent plea. Furthermore, when the conditional-release term was ultimately added to his executed sentence, it did not violate Christopherson's plea agreement because he never agreed to a durational limit in his plea agreement with the state. Therefore, we affirm the district court's order.

## FACTS

In May 1996, Jerad Christopherson was charged by complaint with three counts of criminal sexual conduct in the first degree pursuant to Minn.Stat. § 609.342, subd. 1(a) (1996), and three counts of criminal sexual conduct in the second degree pursuant to Minn.Stat. § 609.343, subd. 1(a) (1996), stemming from four sexual encounters with a 12–year–old female. In September of that same year, Christopherson pleaded guilty to one count of second-degree criminal sexual conduct. At the plea hearing, the court stayed imposition of sentence and placed Christopherson on probation subject to a number of conditions, including one year in the county jail.

At the time the court received Christopherson's plea, the state informed the court that the sentencing guidelines did not require a presumptive commitment to imprisonment for Christopherson. Nevertheless, during questioning at the plea hearing, Christopherson's own lawyer asked him if he understood that the maximum sentence for the crime to which he was pleading guilty was 25 years in prison and/or a $30,000 fine. Christopherson indicated that he understood. Later in the hearing, the district court judge told Christopherson that if he violated the conditions on his probation, he could "end up going to prison for a substantial period of time." Other than this indirect reference, the district court never indicated the length of any stayed sentence, should Christopherson later violate the terms under which his sentence was stayed. No

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

presentence investigation report was requested before the plea was accepted.

In late 1997, after repeated violations of his probation, revocation proceedings were initiated against Christopherson. At these proceedings, Christopherson admitted that he had committed three separate probation violations. During questioning, Christopherson stated that he believed that his original stayed sentence was 26 months. Later in the proceeding, the state requested that Christopherson be committed to the commissioner of corrections for 26 months. Despite these comments, there is no indication in the record from the earlier hearing at which Christopherson entered his plea that the original stayed sentence was for 26 months. The first time the 26–month sentence was mentioned was in a presentence investigation report ordered for the probation-revocation proceeding. Ultimately at that proceeding, the court revoked Christopherson's probation and at that time imposed a sentence: 26 months in prison and a five-year conditional-release period to begin upon Christopherson's release from prison.

In 2000, after he was released from prison, Christopherson again violated the terms of his conditional release and was returned to prison. In March 2001, Christopherson filed a postconviction petition, claiming that his plea was invalid because he was not informed that the conditional-release period would be added to his sentence of imprisonment if his probation were revoked. He requested that his conditional release be vacated, or in the alternative, that he be allowed to withdraw his plea. Christopherson claims that his plea was not accurate, voluntary, and intelligent because he did not know of the conditional-release period. He also claims that the imposition of the conditional-release period violates his plea agreement because it exceeds the 26–month prison sentence to which he claims he originally agreed.

The district court denied his petition, stating that there was no specific term of imprisonment mentioned in the plea agreement and that the addition of the conditional-release period was not contrary to the terms of that original agreement. The court found that without a specific mention of a durational limit when Christopherson entered his plea, his motivation to accept the plea agreement was the opportunity for probation and the stay of imposition of the underlying sentence. The court further found that because the maximum sentence for Christopherson's crime was 25 years, a five-year conditional-release period did not exceed that limit and could therefore be imposed.

On appeal, Christopherson argues that the district court's decision should be reversed because (1) his plea was invalid in that he was not made aware of the possibility of the conditional release at the time his plea was accepted, and (2) the addition of the conditional release violated the terms of the original plea agreement. Christopherson asks this court to remand this case to the district court so he can be given the opportunity to withdraw his plea or have the sentence modified.

## ISSUES

I. Did the failure to inform Christopherson, at the time his plea was accepted, of the later possibility that he might be subject to conditional release make the plea not voluntary, knowing, and intelligent as a matter of law?

II. Did the addition of the conditional release term violate the original plea agreement?

## ANALYSIS

Review of a postconviction proceeding is limited to determining whether

there is sufficient evidence to support the findings of the postconviction court. *Hale v. State,* 566 N.W.2d 923, 926 (Minn.1997). The postconviction court's decision will not be disturbed absent an abuse of discretion. *Id.* Interpreting and enforcing plea agreements are issues of law, however, and they are reviewed de novo. *State v. Brown,* 606 N.W.2d 670, 674 (Minn.2000).

## I.

▪▪▪ Appellant's first argument is that he should be allowed to withdraw his plea because it was not accurate, voluntary, and intelligent. Minn. R.Crim. P. 15.05, subd. 1 allows for withdrawal of a guilty plea after sentencing when it is "necessary to correct a manifest injustice." The burden is on the defendant to demonstrate that refusal to allow withdrawal amounts to a manifest injustice. *Alanis v. State,* 583 N.W.2d 573, 577 (Minn.1998). A manifest injustice occurs if the plea is not accurate, voluntary, and intelligent. *Id.*

The disposition Christopherson received was a stay of imposition of sentence. The statute that requires the conditional release reads:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, *when a court sentences a person to prison* for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that *after the person has completed the sentence imposed,* the commissioner of corrections shall place the person on conditional release.

Minn.Stat. 609.109, subd. 7(a) (2000) (emphasis added). Because the imposition of the sentence was stayed, the court did not sentence Christopherson to prison at the time of the plea. Thus, under the plain language of the statute, the court was correct in not imposing a conditional-release term. In fact, had Christopherson complied with the conditions imposed at the time of the plea, he would never have been subject to a conditional release. It was not until he violated the terms of probation, and the court imposed a sentence, that the conditional release became mandatory.

Because the conditional-release term was not mandated at the time Christopherson entered his plea, to adopt his position would be to adopt a rule that requires any court taking a plea to state on the record all possible consequences of any future violation of terms of probation. If the court fails to do so, upon a later finding of a violation, the court could not impose any sanction that was not mentioned at the time of the earlier plea without giving the defendant the opportunity to withdraw his plea, perhaps years after he entered it. Such a rule would conflict with Minn.Stat. § 609.14, subd. 3 (2000), which allows the court, if it finds that the defendant violated the terms under which a sentence was stayed, to impose intermediate sanctions, such as treatment or intensive probation. *Cf.* Minn.Stat. § 609.135, subd. 1(a)(2)(b) (2000) (describing intermediate sanctions).

In support of his argument, Christopherson claims that the ABA Standards for Criminal Justice require that a court only accept a guilty plea if it determines that the defendant understands "the maximum possible sentence on the charge, including that possible from consecutive sentences, and the mandatory minimum sentence, if any, on the charge, or any special circumstances affecting probation or release from incarceration." ABA Standards for Criminal Justice 14–1.4(a)(ii), 3d ed. (1997). Christopherson then highlights the fact that Minn. R.Crim. P. 15 adopts in principle the instruction provided in the ABA standards dealing with plea acceptance. *See* Minn.

R.Crim. P. 15 cmt ("Rule 15.01 adopts in principle ABA Standards, Pleas of Guilty, 1.4–1.6 (Approved Draft, 1968) as to the advice which shall be given to and the inquiry that shall be made of a defendant before acceptance of a plea of guilty."). Christopherson makes these arguments in an effort to establish that if the state fails to notify the defendant of elements mentioned in the ABA standards, the plea necessarily is invalid and should not be accepted, or the defendant should be allowed to withdraw his plea in order to avoid a manifest injustice.

 Christopherson's argument, however, is undermined by the fact that the comments to the rules are only advisory and not meant to bind this court. *State v. Johnson,* 514 N.W.2d 551, 555 n. 8 (Minn.1994). Furthermore, Christopherson neglects to mention that the same comment to the rule later states, "[A] failure to include all of the interrogation set forth in Rule 15.01 will not in and of itself invalidate a plea of guilty." Minn. R.Crim. P. 15 cmt. This language supports the conclusion that a plea may be validly entered even if there is not strict compliance with the rule. *See Vernlund v. State,* 589 N.W.2d 307, 310–11 (Minn.App.1999) (stating that there is no required method for taking a plea, so long as the method used complies with Minn. R.Crim. P. 15.02). Consequently, the fact that the conditional release was not mentioned to Christopherson at the time the original plea was entered is not, in itself, enough to demonstrate that his plea was not accurate, voluntary, and intelligent.

Essentially Christopherson argues that it would be desirable to establish a bright-line rule: in a case where a defendant will or may be subject to a conditional release, such a possibility must be articulated at the time of the plea. While there may be much to be said for such a practice, we conclude that on the facts of this case including the fact that Christopherson received a stay of imposition of sentence—the failure to mention the possibility of a conditional release at the time of the plea does not invalidate the plea.

## II.

 Christopherson's second argument is that the imposition of the conditional release violated the plea agreement. At the time of the plea, the prosecutor put the agreement on the record. According to the plea agreement, the only thing Christopherson bargained for was a disposition that would not include prison time, and this is what he received.

When the prosecutor mentioned the sentencing guidelines, it was only in connection with disposition (i.e., no commitment) and not duration. Nothing was said about a 26–month limitation, or any limitation for that matter. Although Christopherson and his counsel might have been thinking about a sentence with a presumptive guidelines duration, no mention was made of any duration. Thus, it appears that, if at a later sentencing the court imposed an upward durational departure, even if such a sentence violated the guidelines, it would not have violated the plea agreement. Hence, the fact that Christopherson has served, and may serve, more prison time than 26 months does not in itself violate the agreement.

On appeal, Christopherson relies on both *State v. Jumping Eagle,* 620 N.W.2d 42 (Minn.2000), and *State v. Garcia,* 582 N.W.2d 879 (Minn.1998), for the proposition that a defendant may withdraw his plea if the addition of the conditional release exceeds the upper limit of the defendant's bargained-for prison time. While he correctly states the holdings in both *Jumping Eagle* and *Garcia,* the facts of

those cases are distinguishable from his case. Here, unlike the cases he cites, at the time of the plea there was no limitation on the amount of prison time the Christopherson would serve. Thus, the cases on which Christopherson relies are wide of the mark and do not compel a conclusion that the imposition of the conditional release violated the terms of his plea agreement.

### DECISION

Because the imposition of Christopherson's sentence was stayed, he was not subject to a conditional release at the time his plea was accepted. Therefore, the fact that the possibility of a conditional release was not mentioned at the time Christopherson entered his plea did not render the plea invalid, even though a conditional release was later added when his sentence was imposed. Furthermore, as there was no agreement on the duration of any prison term, adding the conditional release did violate his plea agreement.

**Affirmed.**