Brian JAMES, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A03–489.

Court of Appeals of Minnesota.

Feb. 3, 2004.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Gaylord Saetre, Todd County Attorney, Long Prairie, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, KLAPHAKE, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant pleaded guilty to, and was sentenced for, one count of fourth-degree criminal sexual conduct. The district court stayed appellant's sentence and put him on probation for ten years. After appellant violated his probation, the district court executed his sentence, including the imposition of a ten-year conditional-release term. Several years later, appellant filed a postconviction petition challenging the imposition of the conditional-release term; appellant argued that either he should be allowed to withdraw his guilty plea or the district court should modify his sentence to comport with the upper limits of his plea agreement. The district court denied appellant's motion, and he now appeals. We affirm.

## FACTS

Appellant Brian Keith James and A.B.C. were acquaintances. James entered A.B.C.'s apartment while she slept and attempted to have anal intercourse with A.B.C. A.B.C. awoke during the attempt

and struggled with James. A.B.C. recognized James, and, after James left, she called the police. The police arrested James, and the state charged James with third-degree criminal sexual conduct and first-degree burglary pursuant to Minn. Stat. §§ 609.344, subd. 1(d); .582, subd. 1(c) (1996).

James pleaded guilty to one count of fourth-degree criminal sexual conduct, which carried a penalty of up to ten years of incarceration, in exchange for a promise of a 36–month stayed sentence. *See* Minn. Stat. § 609.345, subd. 2 (1996). According to statute, offenders with a prior conviction were required to be incarcerated for a minimum term of three years unless the district court found the offender amenable to a long-term, in-patient sex-offender treatment program, and the offender was accepted into such a program. Minn.Stat. § 609.346, subd. 2 (1996). At the plea hearing, the district court and counsel discussed both whether the mandatory minimum executed term would be waived in James's case and whether James would be allowed to withdraw his plea if he was not accepted into a long-term in-patient program pursuant to Minn.Stat. § 609.346, subd. 2. The final disposition and terms of James's plea agreement were postponed until the presentence investigation could be completed. At the sentencing hearing, the court sentenced James to 36 months in prison, but stayed the execution of that sentence and placed James on probation for ten years.

Because James violated his probation, the district court revoked his probation. At the revocation hearing, James admitted that he was aware that his probationary status was contingent on the completion of listed conditions. The district court executed James's sentence, ordering James to serve 36 months in prison and imposing a ten-year conditional-release term at the end of his incarceration, as required by the sex-offender statute.

James sought postconviction relief from the ten-year conditional-release term, requesting the withdrawal of his guilty plea or a modification of his sentence. But James waited more than three years to seek relief after the district court imposed the conditional-release term to his sentence. This was more than five years after the date that James pleaded guilty and more than six years after the date of the offense. The district court denied his petition, and James now appeals that decision.

## ISSUE

Did the postconviction court abuse its discretion by denying the motion of James to either withdraw his guilty plea or to modify his sentence?

## ANALYSIS

We review the decision of a postconviction court under an abuse-of-discretion standard. *Scales v. State*, 620 N.W.2d 706, 707 (Minn.2001). A postconviction court's factual findings will be sustained if they are supported by sufficient evidence. *State v. Christopherson*, 644 N.W.2d 507, 510 (Minn.App.2002), *review denied* (Minn. July 16, 2002). A postconviction relief petition collaterally attacks the district court's decision—a decision that "carries a presumption of regularity and which, therefore, cannot be lightly set aside." *Pederson v. State*, 649 N.W.2d 161, 163 (Minn.2002).

Once a criminal defendant enters a guilty plea there is no absolute right to withdraw that plea. *Perkins v. State*, 559 N.W.2d 678, 685 (Minn.1997). The defendant bears the burden of proving, by a preponderance of the evidence, that the facts warrant withdrawal of the guilty plea. *Lundin v. State*, 430 N.W.2d 675,

679 (Minn.App.1988), *review denied* (Minn. Dec. 21, 1988).

The defendant is allowed to withdraw a plea of guilty after sentencing only upon a timely motion and proof that the withdrawal is necessary to correct a manifest injustice. Minn. R.Crim. P. 15.05, subd. 1. The language of the rule, on its face, explicitly directs that in order for a defendant to withdraw a guilty plea, the motion to withdraw the plea must first be timely made, and second, there must be proof that a manifest injustice would result if the plea were not withdrawn. *See id.*

■ The first prong of Minn. R.Crim. P. 15.05 mandates that a defendant's motion to withdraw a plea of guilty must be timely. A motion "is timely if made with due diligence, considering the nature of the allegations therein." *Chapman v. State,* 282 Minn. 13, 17, 162 N.W.2d 698, 701 (1968) (quoting A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft), § 2.1). Because case law does not provide an explicit time limit for bringing plea-withdrawal motions, we must analyze the evidence in support of a motion to withdraw a guilty plea to determine if the motion is timely. *See Jones v. State,* 288 Minn. 527, 179 N.W.2d 315, 316–17 (1970).

■ At this point, we distinguish the timeliness issue here from other timeliness issues inherent in appeals from the imposition of a conditional-release term to a defendant's sentence. Here, we discuss James's motion to withdraw his plea of guilty, which relates to his conditional *right* to withdraw the plea, not to his choice of *remedy* if we found that he had properly exercised that right. If his motion is timely, this court is required to

analyze the potential *remedy* to correct the imposition of a conditional-release term that would make James's final sentence exceed the upper limits of his plea agreement. *See e.g., State v. Wukawitz,* 662 N.W.2d 517, 520 (Minn.2003) (determining that where the imposition of the conditional-release term violated appellant's plea agreement, the district court may allow the defendant to withdraw his plea; if the plea withdrawal would unduly prejudice the state, the district court may modify the defendant's sentence); *State v. Jumping Eagle,* 620 N.W.2d 42, 45 (Minn.2000) (remanding to the district court with the instruction that the state may argue whether the court should allow withdrawal of the guilty plea or modification of the sentence). Neither *Wukawitz* nor *Jumping Eagle* discusses the timeliness of a motion to challenge the addition of a conditional-release term to the appellant's sentence. The implicit holdings in both these cases are, therefore, that the appellants timely challenged the addition of a conditional-release term to their sentences.

■ Here, we hold that James's motion to withdraw his guilty plea, filed more than five years after the district court had accepted that plea and more than three years after the imposition of the conditional-release term, was not timely. *See Fox v. State,* 474 N.W.2d 821, 826 (Minn.1991) (holding that a four-year delay weighs against granting the motion to withdraw a guilty plea). First, Minn. R.Crim. P. 15.05 requires that defendant's motion to withdraw a plea of guilty be timely filed.[1] Second, public-policy considerations support the conclusion that a motion to withdraw a plea of guilty, made more than three years after the action complained of, is untimely.

---

1. Because the withdrawal motion was not timely here, we need not reach the second prong of the rule 15.05 withdrawal inquiry, namely: whether the withdrawal is necessary to correct a manifest injustice.

There is more than one public-policy consideration underlying the requirement that a motion must be timely. The prejudice to the prosecution in retrying the case is surely one of the considerations. *See Bolinger v. State,* 647 N.W.2d 16, 22 (Minn.App.2002) (stating that even if petition for postconviction relief was untimely, the court would consider whether withdrawal of the plea would cause prejudice to the prosecution "as a result of defendant's untimely request to stand trial") (quoting *State v. Lopez,* 379 N.W.2d 633, 637 (Minn.App.1986), *review denied* (Minn. Feb. 14, 1986)) (describing three factors district courts should consider in cases where deportation consequences attach after guilty plea: (1) the strength of defendant's reason for requesting withdrawal of the plea, (2) the existence of prejudice to the prosecution, and (3) whether defendant's misunderstanding of the collateral consequences that attached to the guilty plea was a reflection of the defendant's own ignorance or misleading statements by the government); *see also Smith v. State,* 596 N.W.2d 661, 664–665 (Minn.App. 1999) (stating that delay in seeking postconviction relief weighs against allowing withdrawal of a guilty plea), *review denied* (Minn. Aug. 27, 1999).

■ But prejudice to the prosecution is not the only public-policy consideration. An expectation of finality is another policy consideration at stake. Generally, an expectation of finality is discussed as it relates to the criminal defendant. *See State v. Calmes,* 632 N.W.2d 641, 645 (Minn. 2001) (recognizing that due process limits a court's ability to change a sentence after "the defendant has developed a crystallized expectation of finality in the earlier sentence"). But this does not mean that the state does not have an interest in the finality of judgments. *See Chapman,* 282 Minn. at 16, 162 N.W.2d at 700 (stating

that the general policy of finality of judgments applies to criminal cases and that the appellate court is not inclined to set aside pleas "made with deliberation and accepted by the [district] court with caution").

Minn. R.Crim. P. 15.05, as well as the public policy requiring parties to timely file motions, bars James's request for withdrawal of his guilty plea. Because James waited more than three years to make his motion, it was not made with due diligence; the motion was, therefore, untimely. *See Chapman,* 162 N.W.2d at 700, 282 Minn. at 16. The postconviction court did not abuse its discretion by denying James's motion to withdraw his guilty plea.

■ James's motion for modification of his sentence is, like his motion to withdraw his plea of guilty, untimely. A motion for modification is not governed by any rule of criminal procedure; it is, however, constrained by the same public-policy considerations that make James's motion for withdrawal untimely.

Here, James moved for modification of his sentence more than three years after the imposition of the conditional-release term. Because this delay amounts to a lack of due diligence in making the motion for modification, we can not say on this record that the postconviction court abused its discretion by denying James's request for a sentence modification.

## DECISION

Because James's motion seeking either withdrawal of his plea of guilty or modification of his sentence was untimely, the postconviction court did not err in refusing either to allow James to withdraw his plea or to modify the sentence.

**Affirmed.**

KLAPHAKE, Judge (dissenting).

I respectfully dissent. The majority has focused on the timeliness of appellant's request to withdraw his plea, stating that timeliness is a threshold issue to be determined before manifest injustice can be considered under Minn. R.Crim. P. 15.05. Timeliness, while an issue under the rule, is not the only factor that must be considered. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003) ("Certainly, delay is one relevant factor against [permitting withdrawal of a plea], and in extreme cases may justify denial of relief.... But we have a commitment to convicted defendants' rights to at least one substantive review.").

Even more important is insuring that a plea is accurate, voluntary, and intelligent. *State v. Christopherson*, 644 N.W.2d 507, 510 (Minn.App.2002), *review denied* (Minn. July 16, 2002). The Minnesota Supreme court explained these requirements for entering a plea.

> The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he or she could be properly convicted of at trial. The voluntariness requirement insures that the guilty plea is not in response to improper pressures or inducements; and the intelligent requirement insures that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty.

*Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998) (footnotes omitted).

The voluntary aspect of a plea means that if a plea agreement is based on promises or representations by the state, those promises or agreements must be fulfilled. *State v. Brown*, 606 N.W.2d 670, 674 (Minn.2000). The intelligent requirement means that the defendant must understand the charges, the rights waived, and the consequences of the plea. *Id.* at 675.

These plea requirements are more than mere housekeeping rules; failure to accurately inform a defendant of the consequences of a plea is a denial of due process rights. *State v. Wukawitz*, 662 N.W.2d 517, 521–22 (Minn.2003) (citing *Mabry v. Johnson*, 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984)).

Here, the conditional release requirement was not a part of the plea or sentence; the district court imposed the requirement only upon execution of appellant's sentence, an event occurring more than two years after the plea and 16 months after the sentencing hearing. It is perplexing that appellant is held to a stringent timeliness standard, but the district court is not. At the time of the sentencing hearing, the conditional release requirement had been a part of the law for several years, yet the district court failed to impose it as mandated by statute until more than a year after sentencing.

Although timeliness is inarguably part of the formula of plea withdrawal under rule 15.05, the larger question, as the supreme court makes clear in *Wukawitz*, is whether a defendant's due process rights are violated by the later addition of a conditional release term that exceeds the agreed-upon sentencing cap. *See Wukawitz*, 662 N.W.2d at 521.

The majority concludes that because appellant waited three years after imposition of the conditional release term, his motion is untimely despite the serious due process implications of the late amendment of his sentence. But here the record is devoid of any explanation of conditional release. In the revocation hearing, which includes a long and thorough discussion of the probation terms appellant failed to complete, the only mention of conditional release is the district court's comment, "I believe I'm

also required to advise you that even upon completion of the prison time you'll be placed on conditional release for an additional period of 10 years once you're released from prison." Even the warrant of commitment refers to a conditional release of five, not ten, years. The timing of this appeal suggests that appellant did not understand conditional release until its terms were invoked.

Although the majority finds a bedrock principle of timeliness in rule 15.05, in fact that rule does little to clarify this concept, noting only that a defendant must make a timely motion, which is not barred solely because it occurs after sentencing. Minn. R.Crim. P. 15.05, subd. 1. The rule does not define timeliness. The rule does not specify if timeliness is tied to the lapse of time following the crime, the plea, the sentence, or the imposition of new terms of a sentence, or the defendant's realization of the consequences of the plea. The majority cites *Chapman v. State*, 282 Minn. 13, 17, 162 N.W.2d 698, 701 (1968) for the proposition that a timely motion is one "made with due diligence, considering the nature of the allegations therein[.]" It is interesting to note that in *Chapman*, the defendant was permitted to withdraw his plea three years after it was entered, based on questions raised during the presentence investigation completed prior to sentencing. *Id.* at 14–15, 162 N.W.2d at 700. In affirming the grant of the defendant's postconviction petition, the *Chapman* court does not discuss the timeliness of the motion but focuses on manifest injustice.

Timeliness, in fact, is a flexible concept. The supreme court recognizes this in *Wukawitz*, by analyzing plea withdrawal in terms of the prejudice, stating, "In the past, we have recognized that reprosecution is always difficult after the passage of a long period of time, and that plea with-

drawal should not be used as a tactical device to frustrate the prosecution." *Wukawitz*, 662 N.W.2d at 526–27 (quotation omitted). The record here is devoid of any allegation of prejudice to the state should appellant be permitted to withdraw his plea.

In the absence of affirmative allegations that the state would be prejudiced by the withdrawal of this plea, and given the serious due process implications of the late addition to appellant's sentence, I believe that the proper course here would be to remand this matter to the district court to determine whether appellant should be permitted to withdraw his plea or to have his sentence conform to the plea agreement as in *Wukawitz*.