*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1114**

Jeremy Shane Zimmermann, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 13, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-11-5420

Cathryn Middlebrook, Chief Appellate Public Defender, Shannon Callahan (certified student attorney), St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, Robert C. Whipps (certified student attorney), St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

**U N P U B L I S H E D  O P I N I O N**

**REILLY**, Judge

Appellant argues that the district court abused its discretion by denying postconviction relief of plea withdrawal or modification of his sentence. He contends that his *Alford* plea to failure to register as a predatory offender was not intelligent or

voluntary because he was not informed of and did not agree to the imposition of a mandatory ten-year conditional-release term. We affirm.

## FACTS

Appellant Jeremy Shane Zimmermann was charged with failure to register as a predatory offender under Minn. Stat. § 243.166, subd. 5(a) (2010). The complaint stated that the maximum sentence for the offense was "5 years or $10,000 fine, or both." On October 26, 2011, he signed a petition agreeing to enter an *Alford* plea to the charge in exchange for a sentence in accordance with the Minnesota Sentencing Guidelines at the "low end of [the] box," concurrent with time that he was serving for another offense. The plea petition stated that Zimmermann had been told by his attorney and understood that "the maximum penalty that the court could impose for this crime . . . is imprisonment for 5 years." The petition further stated that Zimmermann had been told by his attorney and understood: "If a conditional release is required by statute, a mandatory period of conditional release will be imposed to follow any executed sentence. Violating the terms of the conditional release may increase the time the defendant serves in prison." At the plea hearing that day, the parties informed the district court that the plea agreement called for an *Alford* plea to the charge and a "[g]uideline low end of the box" sentence. Zimmermann confirmed that he understood and wished to accept the plea agreement, had discussed the plea petition with his attorney and read it in its entirety, and had been given enough time to speak with his attorney. He pleaded guilty to failure to register as a predatory offender.

A presentence investigation (PSI) was completed, and the PSI report identified Zimmermann as being a "level 3 sex offender." Minn. Stat. § 244.052 (2010) provides a process by which a committee, established by the commissioner of corrections, considers various factors to assign a risk level to a predatory offender who is about to be released from confinement.

> [W]hen a court commits a person to the custody of the commissioner of corrections for [failure to register as a predatory offender] and, at the time of the violation, the person was assigned to risk level III under section 244.052, the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for ten years.

Minn. Stat. § 243.166, subd. 5a (2010).

The PSI report recommended a guideline sentence of 39 months, stated that the low end of the guidelines range was 34 months, and did not mention a conditional-release term. At the sentencing hearing on December 15, 2011, the district court confirmed with the parties that the plea agreement called for a guideline "low end of the box, concurrent" sentence. The parties requested that Zimmermann be sentenced in accordance with the plea agreement, and Zimmermann was sentenced to serve a 34-month commitment.

A week after the sentencing hearing, the department of corrections wrote to inform the district court that Zimmermann was a risk-level-III offender and was required by statute to be placed on conditional release for ten years following the completion of his prison sentence. On February 3, 2012, the district court ordered Zimmermann to be placed on conditional release for ten years after completing his sentence.

Zimmermann filed a postconviction petition on January 22, 2014, seeking either plea withdrawal or modification of his sentence to exclude the ten-year conditional-release term. He argued that his guilty plea was not intelligent or voluntary because he was not informed or aware of the mandatory ten-year conditional-release term when he entered the plea and because the plea agreement was not fulfilled. The district court denied postconviction relief without a hearing, determining that the postconviction petition was frivolous and without merit. This appeal followed.

**D E C I S I O N**

A denial of postconviction relief is reviewed to determine whether the district court abused its discretion by making a decision that "is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted). Factual determinations are reviewed under a clearly erroneous standard and will not be reversed unless they are not factually supported by the record, but legal conclusions are reviewed de novo. *Id.* Assessment of the validity of a guilty plea presents a question of law. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A valid guilty plea must be accurate, voluntary, and intelligent. *Id.* Zimmermann asserts that his plea was neither intelligent nor voluntary. First, Zimmermann argues that his plea was not intelligent because he did not understand that a ten-year conditional-release term was a consequence of the plea and would be part of his sentence. The requirement that a plea be intelligent "ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *Campos v. State*,

4

816 N.W.2d 480, 507 (Minn. 2012) (quotation omitted).  The term "consequences" as used in this context "refers to a plea's direct consequences, namely the maximum sentence and fine." *Raleigh*, 778 N.W.2d at 96.  The imposition of a conditional-release term is a direct consequence of a plea because it affects the maximum amount of prison time that a defendant may have to serve.  *State v. Henthorne*, 637 N.W.2d 852, 856 (Minn. App. 2002), *review denied* (Minn. Mar. 27, 2002).

Second, Zimmermann argues that his plea was not voluntary because he was induced to plead guilty by a plea agreement that called for only a 34-month prison sentence, and he would not have pleaded had he known that his sentence would include the conditional-release term.  The requirement that a plea be voluntary "ensures a defendant is not pleading guilty due to improper pressure or coercion."  *Raleigh*, 778 N.W.2d at 96.  "To determine whether a plea is voluntary, the court examines what the parties reasonably understood to be the terms of the plea agreement." *Id*.  "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *James v. State*, 699 N.W.2d 723, 728 (Minn. 2005) (alteration and quotation omitted).

Before a guilty plea is accepted in a felony case, the judge must ensure that defense counsel has told the defendant, and the defendant understands, that for "most sex offenses, a mandatory period of conditional release will be imposed to follow any executed prison sentence, and violating the terms of that conditional release may increase the time the defendant serves in prison."  Minn. R. Crim. P. 15.01, subd. 1(6)(k); *see also*

Minn. R. Crim. P. 15 cmt. (stating that "a failure to include all of the interrogation set forth in Rule 15.01 will not in and of itself invalidate a plea of guilty").

A defendant who is subject to a mandatory conditional-release term is entitled to plea withdrawal or modification of his sentence if his plea agreement called for a sentence of a definite term and the conditional-release term was not mentioned in the plea petition, during plea negotiations, or during the plea or sentencing hearing. *See, e.g.*, *James*, 699 N.W.2d at 725-26, 730; *State v. Wukawitz*, 662 N.W.2d 517, 520, 526-29 (Minn. 2003); *State v. Jumping Eagle*, 620 N.W.2d 42, 43-45 (Minn. 2000); *State v. Garcia*, 582 N.W.2d 879, 880-82 (Minn. 1998). But, a defendant is not entitled to plea withdrawal or sentence modification if the plea agreement did not call for a sentence of a definite term, and a conditional-release term is imposed. *See, e.g.*, *Oldenburg v. State*, 763 N.W.2d 655, 659 (Minn. App. 2009); *State v. Christopherson*, 644 N.W.2d 507, 511-12 (Minn. App. 2002), *review denied* (Minn. July 16, 2002). And a defendant also is not entitled to plea withdrawal or sentence modification if a conditional-release term is imposed at sentencing without objection from the defendant, even if conditional release was not mentioned before sentencing. *See State v. Rhodes*, 675 N.W.2d 323, 325-27 (Minn. 2004).

In this case, Zimmermann signed a plea petition that notified him of conditional release. By signing the petition, he affirmed that he had been told by his attorney and understood: "If a conditional release is required by statute, a mandatory period of conditional release will be imposed to follow any executed sentence. Violating the terms of the conditional release may increase the time the defendant serves in prison."

Zimmermann confirmed during the plea hearing that he had discussed the plea petition with his attorney and read it in its entirety and that he had been given enough time to speak with his attorney.

The plea agreement called for a sentence in accordance with the sentencing guidelines at the low end of the guidelines range but did not specify a definite duration. The PSI report notified the parties and the district court that the low end of the guidelines range was 34 months and further stated that Zimmermann was a risk-level-III offender. The sentencing guidelines specifically refer to a mandatory ten-year conditional-release term for a risk-level-III offender convicted of failure to register as a predatory offender. *See* Minn. Sent. Guidelines II.E (2010) ("Several Minnesota statutes provide for mandatory conditional release terms that must be served by certain offenders once they are released from prison. . . . If a person is sentenced for failure to register as a predatory offender and the person was assigned a risk level III under M.S. § 244.052, the person shall be placed on conditional release for ten years.").

Additionally, although the district court did not impose conditional release at sentencing, we consider it significant that Zimmermann's sentence was corrected to include the mandatory conditional-release term less than two months after the sentencing hearing. We note that the plea hearing in this case did not conform to the best practice and that conditional release should be discussed with a defendant during a plea hearing in accordance with Minn. R. Crim. P. 15.01, subd. 1(6)(k). But because the plea petition notified Zimmermann of mandatory conditional release and he confirmed that he had discussed the plea petition with his attorney and read it in its entirety, we conclude that

Zimmermann understood the direct consequences of his plea and that his plea was intelligent. Moreover, because mandatory conditional release was addressed in the plea petition, and because the plea agreement called for a sentence in accordance with the sentencing guidelines when the guidelines refer to a mandatory ten-year conditional-release term, we conclude that the terms of the plea agreement were fulfilled and that Zimmermann's plea was voluntary. The district court did not abuse its discretion by denying postconviction relief.[1]

**Affirmed.**

---

[1] Zimmermann raises a *Blakely* issue for the first time in his reply brief, arguing that the district court impermissibly imposed a sentence based on his status as a risk-level-III offender without an admission or jury finding that he qualified as such an offender. Because this argument was not presented to the district court and was not raised in Zimmermann's principal brief, it has been waived. *See Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006) (stating that an argument raised for the first time on appeal from a denial of postconviction relief is waived); *State v. Petersen*, 799 N.W.2d 653, 660 (Minn. App. 2011) (stating that an argument that is not raised in a principal brief on appeal is waived and may not be revived in a reply brief), *review denied* (Minn. Sept. 28, 2011).